NAZZARENO D. CESANELLI, PETITIONER, ET AL.[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10002, 10003, 10004, 10005, 10006, 10007.
Promulgated April 3, 1947.

*Joseph A. Brown, Esq.*, for the petitioners.
*Leonard A. Marcussen, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The respondent determined deficiencies and penalties against the several petitioners, as follows:

| Petitioner | Year | Tax | Deficiency | Penalty 25% | Penalty 50% |
|---|---|---|---|---|---|
| Nazzareno D. Cesanelli | 1940 | Income | $37.70 | $9.43 | $18.85 |
| | 1941 | Income | 72.00 | 18.00 | 36.00 |
| | 1942 | Income | 219.34 | | 77.50 |
| | 1943 | Income and victory | 287.65 | | 143.83 |
| | 1944 | Income | 353.00 | | 176.50 |
| Carlo Baletta | 1941 | Income | 83.91 | | 41.96 |
| | 1942 | Income | 103.00 | | 30.50 |
| | 1943 | Income and victory | 402.32 | | 201.16 |
| Rudolph Frey and Maxine Frey | 1942 | Income | 159.00 | | 79.50 |
| | 1943 | Income and victory | 417.86 | | 208.93 |
| Felice Genardini and Rina Genardini | 1941 | Income | 22.00 | 5.50 | 11.00 |
| | 1942 | Income | 215.50 | | 95.00 |
| | 1943 | Income and victory | 330.02 | | 165.01 |
| | 1944 | Income | 415.91 | | 207.96 |
| Julius Tosch and Hilda Marie Tosch | 1942 | Income | 95.84 | | 47.92 |
| | 1943 | Income and victory | 254.76 | | 127.38 |
| | 1944 | Income | 251.00 | | 125.50 |
| Eugene A. Holtz and Emma Holtz | 1941 | Income | 25.82 | 6.46 | 12.91 |
| | 1942 | Income | 277.66 | | 131.83 |
| | 1943 | Income and victory | 438.80 | | 219.40 |
| | 1944 | Income | 460.00 | | 230.00 |

[1] Proceedings of the following petitioners are consolidated herewith: Carlo Baletta; Rudolph Frey and Maxine Frey; Felice Genardini and Rina Genardini; Julius Tosch and Hilda Marie Tosch; and Eugene A. Holtz and Emma Holtz.

The parties stipulated substantially as follows:

As used in this opinion, the term "petitioners" refers only to Nazzareno D. Cesanelli, Carlo Baletta, Rudolph Frey, Felice Genardini, Julius Tosch, and Eugene A. Holtz, and not to the wives of any of them unless otherwise specifically stated.

All the petitioners herein were employed as waiters at Solari's Grill, a restaurant at 354 Geary Street, San Francisco, California, and received income in the form of wages from that restaurant and in the form of tips from patrons served by petitioners during all of the taxable years for which deficiencies were asserted against each petitioner, except as follows:

Petitioner Baletta was employed as a waiter at Solari's Grill only from March 1943 to December 1943, inclusive.

Petitioner Frey was employed as a bus boy at Solari's Grill from January 1942 to August 1942, inclusive, and as such bus boy received income in the form of wages from Solari's Grill and also received remuneration from the waiters whose tables he set and cleared. Petitioner Frey was employed as a waiter at Solari's Grill from September 1942 to December 1943, inclusive.

Each of the petitioners, including the wives of those who filed jointly, filed Federal income tax returns for each of the years respectively involved in these proceedings with the collector for the first district of California, except that petitioners Genardini and Holtz failed to file returns for the year 1941. The respondent has erred in determining that petitioner Cesanelli did not file income tax returns for the years 1940 and 1941 and in applying the 25 per cent penalty under the provisions of section 3612 of the Internal Revenue Code. Petitioner Cesanelli timely filed returns and paid taxes of $4.36 and $17 for those years, respectively.

In so far as the deficiencies involved in these proceedings are based upon the failure of the respective petitioners to report income from tips, said deficiencies have been computed on the basis of 10 per cent of the gross receipts received by Solari's Grill from the patrons served by each of the petitioners, respectively, and by deducting from said tip income an allowance for amounts paid to bus boys.

The amounts of gross sales to patrons of Solari's Grill by each of the petitioners for each year, as shown by Solari's records, the amount of tips received from Solari's Grill and reported for taxation by each petitioner, and the amount of tip income received from Solari's Grill as compiled by the Commissioner, are as follows:

| Petitioner | Year | Gross sales | Tips reported | Tips determined by Commissioner |
|---|---|---|---|---|
| Nazzareno D. Cesanelli... ... | 1940 | $9,318.00 | None | $718 |
| | 1941 | 8,919.00 | None | 678 |
| | 1942 | 13,929.60 | $200 | 1,108 |
| | 1943 | 19,709.70 | 200 | 1,525 |
| | 1944 | 22,793.55 | 225 | 1,900 |
| Carlo Baletta.... | 1941 | ----------- | None | ----------- |
| | 1942 | ----------- | 250 | ----------- |
| | 1943 | 17,572.25 | 400 | 1,490 |
| Rudolph Frey | 1942 | 6,078.85 | None | 525 |
| | 1943 | 22,204.50 | 300 | 1,876 |
| Felice Genardini | 1941 | 11,778.30 | *None | 893 |
| | 1942 | 16,609.50 | 285 | 1,376 |
| | 1943 | 23,046.60 | 350 | 1,948 |
| | 1944 | 23,364.75 | 400 | 1,980 |
| Julius Tosch | 1942 | 12,737.10 | 300 | 988 |
| | 1943 | 20,353.05 | 600 | 1,693 |
| | 1944 | 19,827.45 | 600 | 1,641 |
| Eugene A. Holtz | 1941 | 12,419.40 | *None | 957 |
| | 1942 | 19,483.30 | 300 | 1,665 |
| | 1943 | 24,523.75 | 365 | 2,094 |
| | 1944 | 25,503.60 | 400 | 2,194 |

*No returns filed.

References in the following table to money spent by the several petitioners means the sum of all money spent or saved by the respective petitioners, exclusive of any sums spent for food, clothing, amusement, car fare, automobile expenses, medical expenses, and other personal expenditures of the same general type. The total money spent and/or saved (excluding the above specified types of expenditures) by each petitioner for the specified period from income received by the petitioners during the period, was as follows:

| Petitioner | Period | Money spent or saved from income |
|---|---|---|
| Nazzareno D. Cesanelli | Jan. 1, 1940, to Dec. 31, 1944 | $10,049.15 |
| Carlo Baletta | Jan. 1, 1941, to Dec. 31, 1943 | 3,144.03 |
| Rudolph Frey | Jan. 1, 1942, to Dec. 31, 1943 | 4,446.95 |
| Felice Genardini | Jan. 1, 1941, to Dec. 31, 1944 | 8,356.39 |
| Julius Tosch | Jan. 1, 1942, to Dec. 31, 1944 | 8,291.51 |
| Eugene A. Holtz | Jan. 1, 1941, to Dec. 31, 1944 | 10,983.69 |

. The oral testimony reveals that waiters at Solari's received $3.50 per day as wages, plus tips, and bus boys received $25 per week, plus tips. None of the petitioners kept records of tips received.

Statements made by various petitioners appearing as witnesses in their own behalf were that 8 out of 10 people tip (although one petitioner who had worked 30 years as a waiter at Solari's stated that 60 per cent of people served did not tip); that the average tip is 5 per cent of sales, excluding liquor; that people do not tip on liquor purchased; that 75 per cent of the patrons at Solari's have cocktails or other drinks before meals; that the average lunch during the time in question cost $1 and the average dinner $2 to $2.50; that many people, in payment for the dollar lunch, plus 3 cents sales tax, leave or pay $1.10, the 7

cents being the tip; that on payment for a $2 or $2.50 dinner patrons may leave a 15-cent tip; that the larger the sale the smaller the percentage of the tip; that tips received amounted to $2 to $3 a day, after paying the bus boy as much as $1.25 a day.

Other witnesses called by the Government told a very different story. These witnesses, also all waiters at Solari's, testified that 10 per cent of sales was a fair estimate of tips received. One of these witnesses testified that his sales ran from $60 to $120 per day; that tips average $8 per day during the week and $10 on Saturday; that he had a discussion with Government agents about tip income and "then I figure it up for myself and I start to recollect every day. I put my money straight, every dime I make and which I find out that I make my 10 per cent." He also stated that 10 per cent was a fair estimate of the average tip income for the years from 1940 to 1943.

Two questions are presented by these cases: (1) Did respondent err in determining that the petitioners received 10 per cent of sales as tips, and (2) Did he err in determining penalties of 25 per cent for failure in two instances to file returns, as provided in section 291, Internal Revenue Code, and penalties of 50 per cent for fraud in all cases, pursuant to the provisions of section 293 (b), Internal Revenue Code?

The first issue presents a question of fact, i. e., the amount of income received by petitioners as tips in the several years. The petitioners, all in precise agreement, testified that 5 per cent was a fair estimate of tips received. The Government witnesses, also all waiters at Solari's, one of 33 years' service there, testified that 10 per cent of sales was a fair average of tips received.

Having observed carefully the witnesses on the stand and having studied the record, we can not avoid the conclusion that the self-interest of the petitioners in the outcome of the cases colored their testimony and overcame any scruples they may have had as to telling the truth of the matter. The parrot-like repetition of the 5 per cent figure fails to carry conviction that their testimony is to be believed. The testimony of the Government witnesses, on the other hand, all with equal opportunity to know the facts, but without the temptation born of self-interest to color the facts, was that 10 per cent of sales was a fair estimate of the average tips received, as verified by actual experience when records were kept. This testimony commends itself to us as the truth in the premises.

In short, we reject as unworthy of belief the testimony of petitioners' witnesses as to the amount of tips received and accept as the truth the testimony of those produced by the Government. We hold that the evidence in the cases amply sustains the deficiencies determined by the Commissioner.

The second issue relates to fraud, the proof of which, by statute, rested on the Government. All facts in evidence must be considered to determine the presence or absence of fraudulent intent.

We have weighed the evidence carefully and have come to the conclusion that the petitioners were guilty of filing false and fraudulent returns, with intent to evade the tax. That petitioners understood that tips received constituted returnable income is evident from their action in returning nominal sums for taxation. We place no credence in their statements calculated to place the blame for not reporting larger sums on various unidentified employees of the collector's office who, they assert, advised them as to their tax returns. Likewise, their protestations that they had no intent to defraud fail to carry conviction.

We hold that each of the six petitioners filed a false and fraudulent return, with the intent to evade the tax, for each of the years as determined by the respondent. The penalty of 50 per centum of the tax found due on recomputation follows.

As to the two instances, both in 1941, in which petitioners Genardini and Holtz failed to file returns and as to which the Commissioner determined also 25 per cent penalties, no explanatory or exculpating evidence was introduced. The penalties of 25 per cent for 1941 are accordingly approved.

*Decisions will be entered under Rule 50.*