*Decision will be entered under Rule 50.*

HARRY A. ROBERTS AND RUTH M. ROBERTS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11856. Promulgated March 31, 1948.

*Gilbert J. Heyfron, Esq.*, and *Earl E. Howard, Esq.*, for the petitioners.

*A. J. Hurley, Esq.*, for the respondent.

**OPINION.**

DISNEY, *Judge*: We first dispose of the question as to whether the Commissioner erred in considering 10 per cent of the petitioner's take

as a taxicab driver as the amount of the tips. The question is one of fact. The evidence was varied and contradictory. It would serve no purpose to analyze it in detail. Considering all the evidence, we have found as a fact that the tips over the year were conservatively 10 per cent of the petitioner's gross take. There is no argument as to the amount of such gross take. Therefore, as to the amount, the Commissioner is not shown to have erred in adding $661.94 to petitioner's income.

We next consider the question as to whether such amount constituted income to the petitioner. It is submitted to us in substance as one of first impression, for, though the respondent cited *Nazzareno D. Cesanelli*, 8 T. C. 776, he agrees with the petitioner that, though tips were therein involved, no issue was presented as to whether they constituted income to the petitioner. No other is cited as controlling. The petitioner argues that the tips were gratuities, gifts; the respondent, that they are compensation for services. He cites Regulations 111, sec. 29.22 (a)-2, covering section 22 (a) of the Internal Revenue Code, which includes tips within gross income. Relying upon the *Cesanelli* case, he says that, though the present issue was not presented there, the Court found a fraud penalty for failure to report the full amount of tips received, and, therefore, the Court necessarily had to consider the question, since there could have been no fraud in failing to report money unless it was income. We think the point not well taken. We can not logically get assistance on this very real issue from a case which did not raise it. The Court, assuming that in that case the tips were income because the point was not questioned, properly did not need to consider it, and merely held that the amount duly ascertained was fraudulently not reported as income.

Nor do we put the conclusion here upon the fact that the regulation includes tips in income. The sweep of section 22 (a) and its definition or description of gross income is broad, and it may be that the regulation with propriety validly construes tips as within its orbit. But, considering the conclusion to which we have come, we pass the point.

For we view the tips involved in this case as income. Webster's New International Dictionary defines "tip," a colloquial term, as meaning both gift and fee. Obviously, therefore, such definition helps not at all here. If the tips were compensation for services rendered, they were income. The petitioner so agrees on brief, saying that the income tax act is to impose tax "upon income and not upon gifts, unless the money allegedly 'given' is in essence compensation for services or value." We think they were compensation for services. Taxation is a realistic matter, often so called. It would, in our opinion, be decidedly unrealistic not to consider that one tips taxicab drivers for service and as part of the pay therefor. That the evidence here is that the Yellow Cab Co. forbade solicitation of tips and that

they were not solicited proves little or nothing as to the situation between passenger and driver. For what was the petitioner as driver paid? The common practice of tipping is proved here, if it requires proof; and imagination need not be strained to realize, so to speak, the lessened service forthcoming if passengers ceased tipping. This is not a matter of gift disassociated from service. Though gifts are perhaps ordinarily made on a personal basis, the prevalence of impersonal gifts, such as to organized charities, makes it impossible to require the personal touch in order to find gift. But where, as here, the alleged gift is contemporaneous with payment for services, the petitioner has no easy burden to show it no integral part thereof. That the payment may be a little more than absolutely necessary for the services does not, as we see it, demonstrate that it was not nevertheless payment. We consider of slight weight petitioner's argument that the tip is caused by a desire to save "face," or a desire to prove the "tippee" inferior to "tipper," or because the "tipper" likes his fellow man. We think the milk of human kindness has little to do with the matter and that the ordinary passenger is neither trying to save his face nor concerned with demonstrating superiority. The passenger tips because the taxi driver expects to receive tips, and the passenger expects to pay something extra for the service.

We think that the question has, though indirectly, been definitely decided by a case not cited, *F. L. Bateman*, 34 B. T. A. 351. There we considered as tips payments made by the petitioner, a shipper of freight, to office agents, shipping clerks, and railroad and steamship employees. The situation had in fact less connection with payment for services than in the instant case, for there the various persons receiving tips, such as shipping clerks and dock workers handling freight forwarded by petitioner, appear to have had no right at all to receive any payment from the petitioner, who was not their employer; whereas here, as above seen, the tip accompanied a regular payment. Yet in the *Bateman* case the giver of the tip was held entitled to deduction of the amounts involved as business expenses. But to so hold, the opinion necessarily recognized the payments as made "for personal services actually rendered" within the language of section 23 (a) (1) (A) of the Internal Revenue Code. Under such decision, the passenger paying the petitioner his tip had a right to deduct the amount as expense. Therefore, though we do not categorically brand the payment and receipt as necessarily reciprocal, we regard the case as demonstrative that tips are compensation for services rendered and, under the test suggested by the petitioner's brief, are income. Though, as petitioner says, intent is to be regarded, we regard the above case as a solid view of the intent involved; moreover, we do not find the intent in paying taxi tips to be donative.

It is, in a very real sense, a business transaction—as the *Bateman* case regarded it.

We have examined *Herbert's Laurel-Ventura* v. *Laurel Ventura Holding Corporation*, 138 Pac. (2d) 43, and *Anders* v. *State Board of Equalization*, 185 Pac. (2d) 883 (both from California courts), though they were not cited. If the reason for noncitation was that they were considered inapplicable, we agree; for the former involves the question as to whether tips received by employees are gross receipts of an employer-landlord, who had agreed to pay a percentage of gross receipts as rent; and the latter involved the question whether employees' tips were the employer's receipts for purposes of a sales tax. We consider it obvious that the cases are of no assistance on the present question. We conclude and hold that the tips paid the petitioner were income to him.

The remaining question involves the expense of uniforms. Here, again, the testimony is in conflict as to whether uniforms were necessary. From what we regard as the better testimony, because disinterested, we find that they were not required. The evidence was, further, that in 1943 the Yellow Cab Co. had no uniforms to sell and that the men had to wear what they were able to get. Under these findings, it is clear that the petitioner was acting voluntarily in buying anything in the way of uniforms, and such dress merely took "the place of an article required in civilian life" within the language of Regulations 111, section 29.24–1. Business expenses must be necessary. This one was not. We hold that the Commissioner is not shown to have erred in denying deduction for uniforms. *Marcus O. Benson*, 2 T. C. 12; affd., 146 Fed. (2d) 191.

*Decision will be entered for the respondent.*