Earl A. Stephen v. Commissioner.
Stephen v. Commissioner
Docket No. 30055.
United States Tax Court
1952 Tax Ct. Memo LEXIS 315; 11 T.C.M. (CCH) 157; T.C.M. (RIA) 52045; February 21, 1952
Earl A. Stephen, pro se. Paul Levin, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for 1947 in the amount of $105. The sole question is whether the respondent properly increased the petitioner's income from tips from $60 to $680.40. The petitioner filed his return with the collector for the district of Minnesota. Findings of Fact During 1947 the petitioner was a resident of Minneapolis, Minnesota. He was employed by the Chicago, Milwaukee, St. Pual, and Pacific Railroad, hereinafter called the Railroad Company, as a sleeping car porter. He performed his employment on a scheduled run between Minneapolis, Aberdeen, South Dakota, Sioux City, Iowa, and Omaha, Nebraska. The run consisted of two overnight *316 trips, one from Minneapolis to Aberdeen and the other from Aberdeen to Omaha. The return trip to Minneapolis was made over the same route. On the round trip, the petitioner worked four consecutive days and nights, after which he was given an equal amount of time off. He worked about 184 days during 1947. Subsequent to 1947 the operation of the sleeping car on which the petitioner worked was discontinued by the Railroad Company, and the petitioner was transferred to another route. In the course of his employment in 1947 the petitioner made 44 round trips between Minneapolis and Omaha, and performed services for a total of 1,586 passengers, who occupied berths in sleeping cars of which he had charge. Of the 1,586 passengers, 1,193 were passengers who paid the regular fare, and 393 were passengers who had railroad passes which permitted them to ride without charge. The trains on which petitioner worked carried farmers and others who lived in rural areas for the most part. Many sleeping car passengers did not give the petitioner tips for his services. The tips he received were small amounts, ranging from a few cents to a dollar but tips of one dollar were received infrequently. *317 The petitioner received wages from the railroad company of $3,175.39, which he reported in his return. He reported $60, additional, for tips. He deducted $680.40, travel expense while away from home. The respondent has allowed deduction of $680.40, travel expense. The respondent has determined that the petitioner understated the amount of tips by $620.40, and added that amount to his income, thereby increasing his income from tips to $680.40. The petitioner received tips in the amount of not less than $360 during 1947. Opinion The question presented is what amount of tips the petitioner actually received during 1947. Upon all of the evidence, we have found that the petitioner received not less than $360 in tips during 1947. We agree with the respondent that the petitioner understated the amount of tips when he reported only $60. On the other hand, we are satisfied from the evidence that passengers on the runs served by the petitioner either gave no tips, or small tips. In the absence of exact proof of the amounts actually received, we apply the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, and have determined that the tips received aggregated not less than $360. *318 The petitioner, at the trial, asserted that he had kept a record of the tips received. We are not satisfied that the slip of paper which he produced with monthly amounts written thereon was based on a daily record made during the year as tips were received. As far as we know from the record in this case, the petitioner did not keep daily records of tips. The petitioner, and others in his position, must keep daily records of tips. Tips constitute taxable income. Harry A. Roberts, 10 T.C. 581, affd. 176 Fed. (2d) 221. Also, taxpayers are required to keep records of income, section 41, Internal Revenue Code. The record must be exact. We believe the record offered by the petitioner was more in the nature of an estimate which he made on a monthly basis later than at the end of each day. When the Commissioner of Internal Revenue makes a determination that a taxpayer has received income in some certain amount, that determination stands as correct until the taxpayer proves that it is wrong. The taxpayer has the burden of proof, and he cannot prove the facts about the amount of income he receives from tips, or about the amount of any other *319 kinds of income, unless he keeps daily records. In determining that the petitioner received tips in the amount of $680.40, the respondent has made an estimate which he based upon the amount of the travel expenses deducted. He did not disallow the travel expense deduction. If he thought it was excessive, he should have disallowed it, in whole or in part, and put the burden upon the petitioner to prove what his travel expense was. But the respondent did not do that, and the petitioner was not called upon and did not offer to prove that his travel expense amounted to $680.40, as claimed. The issue raised is only whether the petitioner received tips aggregating $680.40. We are satisfied that he did not. Respondent offered the testimony of two persons, revenue agents, who traveled over the same route as petitioner served in the taxable year, but their testimony establishes only the amounts they gave in tips, and does not prove that every passenger on petitioner's sleeping cars gave him tips in the same amount. It is held that the petitioner understated the amount he received in tips by $300; that he received tips in the amount of at least $360; and that the respondent erred in determining *320 that tips amounted to more than $360. Decision will be entered under Rule 50.