Mervin and Anna Thornbrough v. Commissioner.
Thornbrough v. Commissioner
Docket No. 30088.
United States Tax Court
1952 Tax Ct. Memo LEXIS 297; 11 T.C.M. (CCH) 227; T.C.M. (RIA) 52067; March 11, 1952
*297 1. Cost of repairs by the owner of rental property held to be deductible and amount thereof determined. 2. Cost of work clothing not in the nature of a uniform or of a character required by the employer, together with the cost of laundry thereon, held not subject to deduction. 3. A sewer service charge levied under city ordinance against petitioner Mervin Thornbrough for sewer service furnished him at his residence, held not to be a tax but a personal expense and as such not subject to deduction. Malcolm E. Rosser, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax of $224.85 for the calendar year 1947, by disallowance of items of deduction claimed on the return filed for that year as expenditures for repairs to rental property, taxes, work clothing and laundry of same. The proceeding was heard at Muskogee, Oklahoma, on May 10, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114(b) of the Internal Revenue Code *298 . The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Upon examination, we approve and hereby adopt the findings as made by the Commissioner and include the same herein by reference as our findings of fact. [The Facts] The petitioners are husband and wife and residents of Muskogee, Oklahoma. The return for the taxable year was filed with the collector of internal revenue for the district of Oklahoma. The petitioner Mervin Thornbrough was, during the taxable year 1947, employed as a switchman by the Missouri, Kansas & Texas Railroad Co. During that year he purchased clothing worn by him in the performance of his duties, consisting of trousers, shirts, caps, gloves and shoes, at a total cost of $83.42, and expended the sum of $52 for laundry on work clothing. [Opinion] This clothing was not in the nature of a uniform and was not of a design or character required by this petitioner's employer, but was purchased by him in the exercise of his own discretion for purposes of his individual comfort in performing his duties and to relieve wear and tear upon more expensive clothing. Under such conditions we hold that the deduction *299 of the cost of the clothing, together with the cost of laundry thereon, is not allowable in computing net income. Harry A. Roberts, 10 T.C. 581, affd., 176 Fed. (2d) 221. In the taxable year petitioner Mervin Thornbrough on his return claimed deduction of $1,135.97 as representing the cost of repairs made by him to rental property which he owned. Of this amount the sum of $989.02 was substantiated by proof offered. On brief the respondent concedes that upon the evidence and the report of the Commissioner, the amount of $989.02 is a deductible expense. It will, accordingly, be allowed. On the return, petitioner Mervin Thornbrough deducted an item of $26 as representing a sewer tax levied by the City of Muskogee. Of this sum $20 was paid with respect to rental property as part of the maintenance expense borne by petitioner as owner. The remaining $6 was paid with respect to the petitioner's personal residence. The charge designated as a "tax" is one made under City Ordinance No. 1633 of the City of Muskogee, Oklahoma, which designates it as a sewer service charge. The Supreme Court of Oklahoma, in Sharp v. Hall, 198 Okla. 678, 181 Pac. 2d 972, *300 held the charge under this particular city ordinance not to be a tax but a service charge for use of a public utility, namely, the sewer system. This charge, being not a tax but a service charge, is not deductible by petitioner in so far as the $6 paid on his personal residence is concerned. However, the $20 paid by him for service charge on his rental property constitutes an operating expense of such property and as such is deductible in computing his net gain or loss from such operation. This latter item is conceded by respondent on brief. The issue raised by petitioners as to the adjustment by respondent of allowance for medical expense does not involve a disallowance by respondent of any item of medical expense claimed as expended. The reduction of the allowance as computed on the return was mathematical and arose wholly through the increase in net income by disallowance of items hereinbefore noted. The amount of the deduction for medical expenses to which petitioners are entitled will be recomputed on the basis of net income as adjusted under our decision herein. Decision will be entered under Rule 50.