Vern Wallace Pratt and Doris Jane Pratt v. Commissioner.
Pratt v. Commissioner
Docket No. 30293.
United States Tax Court
1952 Tax Ct. Memo LEXIS 264; 11 T.C.M. (CCH) 335; T.C.M. (RIA) 52097; April 7, 1952
*264 Upon the record, the respondent's action in the disallowance of the cost of certain work clothing and laundry thereof, cost of travel, meals and lodging and Oklahoma State cigarette tax is sustained. Petitioner is held entitled to the deduction of interest and taxes paid. Malcolm E. Rosser, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioners in the amount of $153.03 for the year 1948. The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner *265 has filed his report setting forth his findings of fact, to which neither of the parties hereto has filed exceptions. Upon examination, we approve such findings of fact and hereby adopt and include them by reference as our findings of fact. [The Facts] The petitioners are husband and wife and residents of Pryor, Oflahoma. They filed a joint income tax return for the year 1948 with the collector of internal revenue for the district of Oklahoma. The entire gross income reported on this return consisted of the pay, in the amount of $5,009.48, received by the petitioner Vern Wallace Pratt (hereinafter referred to as the petitioner) from his occupation as a plumber. Adjusted gross income of $4,322.48 was arrived at on the return by the deduction of $687, as representing the cost of travel, board and lodging to petitioner while away from home in pursuit of his trade or business. From adjusted gross income so arrived at, deduction was taken of $984.35, as representing personal deductions itemized on a schedule attached to the return. In determining the deficiency, respondent disallowed the deduction $687of, as representing cost of travel, board and lodging, and of the itemized deductions *266 in the sum of $984.35, he disallowed the following items: Cost of special work clothing and
laundry thereof
$150.25
Oklahoma State cigarette tax
18.25
An item designated as "sewer tax"
6.00
Interest
26.00 Respondent's action in making the above disallowance was here assigned as error. During the taxable year petitioner was a construction plumber and a member of the Plumbers and Fitters Union. His regular place of residence was with his family at Pryor, Oklahoma, but certain jobs he obtained were at points some distance from that location, and in performing service on these jobs he lived at the point where the work was being done. During this year the petitioner worked for six weeks on a construction project at Okmulgee, Oklahoma, and from August 1 to November 24 worked on a job at Sioux Falls, South Dakota. Necessity on the part of the contractors on these jobs for services of a construction plumber was learned by petitioner from the Local of his Union. On the job at Okmulgee, petitioner expended $138 for room and board, of which amount $60 was reimbursed by his employer, the net amount expended by him $78being. On the job at Sioux Falls, South Dakota, petitioner *267 expended $84 travel expenses and $525 for room and board, or a total of $609. Section 22 (n), Internal Revenue Code, [1] defines adjusted gross income and permits the deduction by an employee of the cost of travel, meals and lodging while away from home, subject to allowance by section 23, and expenses by the taxpayer as an employee, other than cost of travel, meals and lodging while away from home, in connection with the performance by him of services under a reimbursement or expense allowance arrangement with his employer. Accordingly, the deductions taken by petitioner here, the cost of travel, meals and lodging, on both of the jobs at Okmulgee, Oklahoma, and Sioux Falls, South Dakota, must qualify as deductions allowable under section 23. *268 [Opinion] Under the facts as shown by the record, we do not think the cost of travel, board and lodging incurred by the petitioner is subject to deduction under section 23. There is no showing that either one of the contractors for which petitioner worked at points distant from his home, was located at petitioner's point of residence, employed him there and dispatched him on its business to other points. In his work for such contractors he maintained his home at Pryor, Oklahoma, for his own convenience and not as the result of any requirement of the particular employment. It appears that petitioner heard of work at these two locations and secured jobs from the contractors. For the purposes of these two particular jobs of work the petitioner's residence or home, within the purview of the statute, was his place of work. On neither of these jobs did his work require that he maintain a home at Pryor, Oklahoma. We sustain the respondent on this disallowance. Commissioner v. Flowers, 326 U.S. 465. The petitioner, on the return, deducted $18.25 as Oklahoma State cigarette tax paid on cigarettes purchased by him and evidenced by stamps attached to the packages of cigarettes *269 prior to their purchase. He has calculated the number of packages purchased as one a day for the 365 days in the year. However, the record shows that he was absent from the State of Oklahoma for 15 weeks in work at Sioux Falls, South Dakota, and the Commissioner has found that the Oklahoma cigarette tax on cigarettes purchased by petitioner during the taxable year amounted to $13. Respondent is sustained in his disallowance of the deduction taken as representing Oklahoma cigarette tax. Under the facts here disclosed petitioner is not entitled to the deduction of the tax paid on cigarettes purchased by him. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). During the taxable year the petitioner paid the sum of $6, representing a tax assessed for the retirement of an old bond issue of the City of Pryor, Oklahoma. It appears that this tax was assessed against petitioner and paid by him. Respondent's action in disallowing this deduction is disapproved. During the taxable year petitioner expended $102.25 in the purchase of work clothes and $48 in having the same laundered. This work clothing consisted of overalls and coveralls of the regular and ordinary type worn *270 by those engaged in the type of work of petitioner. They were not in the nature of a uniform or of a particular type required by petitioner's employer, but were selected by petitioner in the exercise of his own discretion for his comfort and convenience in performing his work. Under such conditions, the cost of this work clothing and laundry thereof, is not subject to deduction. Respondent is affirmed upon this disallowance. Harry A. Roberts, 10 T.C. 581, affd. 176 Fed. (2d) 221; Louis M. and Leora R. Roth, supra. The item of $26 deducted by petitioner as interest on indebtedness and disallowed by respondent in determining the deficiency, is conceded by respondent on brief to be an allowable deduction and will be so treated in a recomputation of the deficiency. Decision will be entered under Rule 50. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income." - As used in this chapter the term "adjusted gross income" means the gross income minus - (1) Trade and business deductions. - The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; (2) Expenses of travel and lodging in connection with employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; (3) Reimbursed expenses in connection with employment. The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer; * * *↩