O. G. Russell v. Commissioner.
O. G. Russell v. Commissioner
Docket No. 26963.
United States Tax Court
1952 Tax Ct. Memo LEXIS 263; 11 T.C.M. (CCH) 334; T.C.M. (RIA) 52098; April 7, 1952
*263 Upon the record, the respondent is sustained in his disallowance of deductions taken by petitioner representing the cost of certain ordinary work clothes not in the nature of a uniform, together with the cost of laundry thereof, the cost of attending union meetings, gifts to his superiors, and Oklahoma cigarette tax which had been paid on cigarettes prior to their purchase by him. Under the facts disclosed, petitioner held entitled to the deduction of the cost of a telephone installed and used for business purposes. Malcolm E. Rosser, Esq., for the petitioner. John P. Higgins, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioner in the sum of $62.27 for the year 1947. The proceeding was heard at Muskogee, Oklahoma, on May 8, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114(b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, to which neither of the parties *264 has filed exceptions. Upon examination, we hereby approve these findings and adopt and include them herein by reference as our findings of fact. The petitioner is a resident of Muskogee, Oklahoma, and filed an individual income tax return for the calendar year 1947 with the collector of internal revenue for the district of Oklahoma. In determining the deficiency the respondent has disallowed certain items deducted by petitioner in arriving at net income, as follows: Special work clothes and laundry thereof
$198.42
Telephone expense
34.80
Cost of attending union meetings
24.00
Gifts (business)
10.00
Cigarette tax
26.00
Watch repairs
18.50
Under the findings of fact as made by the Commissioner, the respondent, on brief, concedes that of the total of $198.42 deducted as representing the cost of work clothes and laundry, petitioner is entitled to the deduction of $50.40, the cost of three pairs of 10-inch boots; $18.80, the cost of eight pairs of leather gloves; $18.50, the cost of repairing a broken watch. These particular articles were shown to have been necessary to petitioner in the performance of his duties. The petitioner was, during the taxable *265 year, a railroad fireman, employed at Muskogee, Oklahoma, by the Kansas, Oklahoma & Gulf Railroad. The work clothing for which he made deduction of $198.42, inclusive of laundry thereof, other than the work shoes and the leather gloves, the deduction of the cost of which is conceded by respondent, was ordinary work clothing customarily worn by men performing services similar to those of this petitioner. They were in no sense a uniform or distinctive in type or of a kind required by petitioner's employer. They were selected by petitioner in the exercise of his own judgment for his convenience in performing his services. The cost of such clothing, together with the laundry thereof, does not constitute an allowable deduction for income tax purposes. Harry A. Roberts, 10 T.C. 581, affd. 176 Fed. (2d) 221; Louis M. and Leora R. Roth, 17 T.C. - (March 7, 1952). The respondent's action in his disallowance of these deductions is sustained. Under the rules of the railroad company employing petitioner, if he lived within one mile of the call office the company would send a messenger to call him for service. If he lived at a greater distance the call office would *266 send a taxicab to his home at an expense of $1.50, which he was required to pay. If he installed a private telephone, its number would be recorded by the company and his calls would be made thereon. Petitioner's employer suggested to him that he install a phone, and he applied to the telephone company for such installation, but it was refused unless he obtained certification from the railroad company as to its necessity and the character of his employment. Such certification was made by the railroad company and the phone was installed in petitioner's home. During the taxable year petitioner paid $2.90 per month for this telephone, or a total of $34.80. Under the particular facts here revealed, it is thought that the installation of a telephone by petitioner was so closely connected with and made reasonably necessary by the type of his employment that such cost represented an allowable expense deductible by him in computing net income. Respondent has disallowed $24 deducted by petitioner as representing the cost of attending the meetings held twice each month by the local of his labor union. Petitioner estimated the cost at the rate of $1 per meeting, but what the expenditure was *267 for is not disclosed, nor is the particular purpose of the meetings or any necessity shown for petitioner's attendance. There is no evidence in the record on which it can be concluded that this expenditure was for business purposes. For all we know, the meetings in question were social in charater. Respondent's action in disallowing this deduction is approved. Respondent has disallowed a deduction of $10 taken by petitioner as representing various contributions made by him to buy gifts for some of his superiors. The making of those gifts was not required by his employer and petitioner's employment was not affected by them. These gifts constitute purely personal expenses not subject to deduction, and respondent's action in their disallowance is approved. During the taxable year petitioner purchased cigarettes in Oklahoma on which the cigarette tax in the sum of $26 had been paid, as evidenced by stamps attached to each package of cigarettes, prior to their purchase by petitioner. Respondent's action in his disallowance of the $26 deduction of such tax is approved. Such tax, under the circumstances here revealed, does not represent a deduction allowable to the petitioner. Louis M. *268 and Leora R. Roth, supra. In determining the deficiency respondent reduced the deduction taken by petitioner for medical expense by $16. None of the items of expense was disallowed. The adjustment made resulted from the increase of taxable income by reason of the disallowance of other deductions. The amount of the deduction for medical expense will be recomputed upon the basis of net income as determined under the foregoing opinion. Decision will be entered under Rule 50.