Carl E. Noe v. Commissioner.
Noe v. Commissioner
Docket No. 27682.
United States Tax Court
1952 Tax Ct. Memo LEXIS 235; 11 T.C.M. (CCH) 431; T.C.M. (RIA) 52124; May 2, 1952
*235 Upon the facts, held, petitioner is not entitled to certain deductions taken on his return, representing Oklahoma cigarette tax, repairs to a personal watch, cost of work clothing and laundry thereof, and a charge for sewer service. Further held, that petitioner is not entitled to the deduction of an amount as Oklahoma sales tax in a sum in excess of the amount allowed by the respondent in determining the deficiency. The amount of $10 paid by the petitioner in a purchase of personal property on a deferred payment plan and denoted in the contract of purchase as a "carrying charge", held, under the facts disclosed, to represent a payment of interest upon the deferred balance of the cost over the term of payment and deductible as such. Malcolm E. Rosser, Esq., for the petitioner. Jackson L. Bailey, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioner for the year 1948 in the amount of $4.43. The deficiency arises through the disallowance by the respondent of certain deductions taken by the petitioner from gross income, representing alleged payments of interest, sales, *236 sewer and cigarette taxes, casualty loss, and amounts expended for the purchase of work clothing and laundry thereof. The action of respondent in these disallowances is assigned as error. The proceeding was heard at Muskogee, Oklahoma, on May 10, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding and neither of the parties hereto has filed exceptions to such findings. Upon examination, we approve the Commissioner's findings and hereby adopt and include them herein as our findings of fact. [The Facts] The petitioner is a resident of Muskogee, Oklahoma, and filed original and amended individual income tax returns for the calendar year 1948 with the collector of internal revenue for the district of Oklahoma, reporting gross income of $3,392.57 and taxes paid by withholding of $132.20. He computed a tax in the sum of $61.69, which was exceeded by the amount withheld by $70.51, for which refund was asked. [Opinion] *237 The petitioner, during the taxable year in question, was a machinist's helper employed by the Midland Valley Railroad. On his original and amended returns he deducted the sum of $50.89 as Oklahoma sales taxes paid during the taxable year. He kept no record of such taxes paid and his deduction is an estimate of the amount, based upon what he considers the expenditures made by him from gross income for articles subject to the sales tax. We agree with the Commissioner that the record does not sustain the petitioner upon his estimate as to the amount of his expenditures subject to sales tax, and agree that the proof does not support the payment of an amount in excess of $33.93, which was allowed by the respondent in determining the deficiency. On this issue the respondent is sustained. The petitioner, during the taxable year 1948, expended in the purchase of working clothing the sum of $137.40 and paid $39.52 for laundry thereof. This clothing consisted of overalls, jumpers, caps, shoes, socks, sweatshirts and gloves, of no distinctive type or of a character required by his employer. It was clothing of a type ordinarily used by persons engaged in the work performed by petitioner and *238 was selected by him individually, in his own discretion, for convenience and comfort in performing his duties. The cost of such clothing does not represent a deduction in arriving at net income. Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. During the taxable year this petitioner paid $7 for repairs to his watch which had been broken. The record does not disclose the circumsances under which the breakage occurred and, consequently, it can not be claimed as a casualty loss. This expenditure for repairs also can not be allowed under the category of expense in carrying on business, as there is no indication that a watch was necessary to this petitioner in the performance of his duties or was required under rules and regulations of his employer. The expense is personal in character and its disallowance by respondent is sustained. Petitioner, in the taxable year, paid $6 under Muskogee City Ordinance No. 1633 as a sewer use fee. This was deducted by petitioner on his return as the payment of a tax. This charge is not a tax but a service charge levied for use of a municipal facility. Sharp v. Ball, 198 Okla. 678, 181 P. 2d 972; Louis M. and Leord R. Roth, 17 T.C. 1450, *239 (March 7, 1952). It is a personal expense and not subject to deduction. Petitioner, in the taxable year, purchased cigarettes in the State of Oklahoma upon which Oklahoma cigarette tax in the amount of $18.25 had been paid prior to their purchase by petitioner, as evidenced by stamps affixed to the packages of cigarettes. The amount of this tax was deducted by petitioner as one allowable under section 23 (c) (3) of the Internal Revenue Code. In Louis M. and Leora R. Roth, supra, under similar circumstances, we held that this tax was not the subject of a deduction. Respondent is sustained in his disallowance. During the taxable year the petitioner purchased an electric refrigerator for the sum of $259.75, making a down payment of $59.75, and leaving a balance of $200 to be paid over a period of 15 months. Under the contract of sale petitioner was required to pay, in addition to the $200 balance, a sum of $20.95, described by the contract of sale as "carrying charge." Of such so-called "carrying charge" the petitioner paid $10 within the taxable year. In determining the deficiency the respondent disallowed the deduction upon the ground that it was not established that *240 this charge in fact represented interest. We agree with the rule, as stated by respondent, that a deduction of an amount as interest can be made only upon a showing that in fact it constituted interest. However, if the amount in question actually represents interest, petitioner does not lose his right to deduct it merely by reason of the fact that it is denoted as a "carrying charge" in the contract obligating him to make payment. The charge in question was one under a common form of purchase under which the purchaser pays a portion of the cost and is permitted to delay payment of the balance over a stated period with a charge made for such privilege, this being calculated according to the amount of the deferred payment. Had, in the present case, this payment been denoted as interest instead of carrying charge, we think no question could possibly be raised as to its deductibility. Under such circumstances, it is our conclusion that the payment in question was, in fact, interest upon the deferred payment, and respondent's action in the disallowance thereof is disapproved. With the one exception of the disallowance by the respondent of the deduction of the so-called "carrying charge", *241 his determination of the deficiency is approved. Decision will be entered under Rule 50.