John E. and Louise Conn v. Commissioner.
Conn v. Commissioner
Docket No. 26597.
United States Tax Court
1952 Tax Ct. Memo LEXIS 178; 11 T.C.M. (CCH) 600; T.C.M. (RIA) 52181; June 17, 1952
*178 On the record, the petitioners are held to be not entitled to the deduction of certain items representing the cost of work clothing and laundry thereof, such clothing not being in the nature of a uniform nor of a character required by the employer. Further held, that petitioners are not entitled to the deduction of the cost of gifts voluntarily made to superior officers, nor to the deduction of the amount of Oklahoma State cigarette taxes paid by the vendor upon cigarettes sold by him to the petitioners, nor to the deduction of a sewer service charge collected by the City of Muskogee, Oklahoma, for use of the public sewers. Malcolm E. Rosser, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax of $31.93 against petitioners for the calendar year 1947. The proceeding was heard at Muskogee, Oklahoma, on May 8, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed *179 his report setting forth his findings of fact with regard to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. Petitioners are husband and wife and residents of Muskogee, Oklahoma. They filed a joint Federal income tax return for the calendar year 1947 with the collector of internal revenue for the district of Oklahoma. On this return a joint gross income was reported in the amount of $3,065.84, and adjusted gross income was computed by the deduction of $179.66, composed of a number of items denoted "occupational expenses." Of these respondent disallowed in the determination of the deficiency five items in a total of $117.07, representing the cost of certain items of work clothing, together with the cost of laundry thereof, and an item of $10 claimed as representing gifts made by petitioner John E. Conn to certain of his superiors. In addition to the above deductions, petitioner also deducted items designated as personal deductions, representing contributions, interest, taxes and medical expenses. In determining the deficiency respondent allowed all of these expenses with the exception of $26 deducted as Oklahoma State cigarette *180 taxes and $6 as a so-called sewer tax. During the taxable year John E. Conn, hereinafter referred to as the petitioner, was employed by the Brockway Glass Co. of Muskogee, Oklahoma, as a welder. During that year he purchased for use in his work six suits of work clothing consisting of trousers and shirts at a total of $45, five sweat shirts at a total of $12.50, one pair of work shoes, $5.50, three work caps, $2.07, and expended for laundry of such clothing the sum of $52. This clothing was purchased by petitioner for his work, as it could be easily replaced if it wore out. It was the type of clothing ordinarily worn by employees in the type of work engaged in by this petitioner. It was not distinctive in character or in the nature of a uniform or of a type required by his employer. The trousers and shirts bought by this petitioner were blue, as it was the expressed desire of his foreman that the work clothing be this color. There is no indication in the record that the work clothing of this color was any more expensive or different in kind from that of another color. We think it clear that the cost of such clothing and laundry thereof do not constitute a deductible expense, and *181 the respondent's action in his disallowance is sustained. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952); Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. During the taxable year the petitioner contributed $10 to a fund collected to purchase a gift for his foreman and the superintendent of the factory. Such action was not required by his employer and was purely voluntary on his part. It is a personal expense and as such not subject to deduction. The petitioner also during the taxable year purchased as a consumer approximately one carton of cigarettes per week. Upon such cigarettes the Oklahoma State cigarette tax in the total amount of $26 had been paid by the vendor, as was evidenced by stamps affixed to the packages by the vendor prior to their purchase by the petitioner. Such tax is not deductible as a sales tax under section 23 (c) (3) of the Internal Revenue Code, and respondent is affirmed in his disallowance. Louis M. and Leora R. Roth, supra.
The petitioner, during the taxable year, paid the sum of $6 for sewer service under local Ordinance No. 1633, which provides for the *182 payment of a sewer service charge. This payment petitioner deducted as a tax. Such deduction is not allowable as the payment does not constitute a tax but a service charge. Louis M. and Leora R. Roth, supra; Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972. Respondent has, in the determination of the deficiency, reduced the amount of the deduction taken by petitioner for medical expenses. In so doing he has not disallowed nor reduced in amount any of the items of such expense claimed by petitioner on the return. The reduction in amount arises solely by reason of the increase in net income due to the disallowance of other items deducted. Decision will be entered for the respondent.