Eldon Hayden v. Commissioner. Eldon Hayden and Dilyght Hayden v. Commissioner.
Hayden v. Commissioner
Docket Nos. 5474-63, 5475-63.
United States Tax Court
T.C. Memo 1965-50; 1965 Tax Ct. Memo LEXIS 281; 24 T.C.M. (CCH) 285; T.C.M. (RIA) 65050; March 8, 1965
Eldon Hayden, 161-23 119th Dr., Jamaica, N. Y., for the petitioners. W. T. Holloran, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in the income tax of petitioners and additions to tax under section 6653(a) of the Internal Revenue Code of 1954 in the following amounts: Addition
Docket
Defi-
to Tax
No.
Year
ciency § 6653(a)
5474-63
1959
$253.99
$12.70
5475-63
1960
254.48
12.72
*282 The issues for decision are (1) whether income from tips was understated, and (2) whether the additions to tax under section 6653(a) were properly determined. Findings of Fact Petitioners Eldon Hayden and Dilyght Hayden are husband and wife residing in Jamaica, New York. Petitioner in Docket No. 5474-63 filed an individual Federal income tax return for the taxable year 1959, and petitioners in Docket No. 5475-63 filed a joint Federal income tax return for the taxable year 1960, both with the district director of internal revenue, Manhattan, New York. References hereinafter made to "petitioner" are to Eldon Hayden. During 1959 and 1960, petitioner was employed as a breakfast and luncheon waiter at the Hotel Commodore (hereinafter referred to as the hotel), located in midtown Manhattan, New York. During these years he worked regularly five days a week, from 6:00 A.M. until after luncheon service sometime in the afternoon. Petitioner received wages from the hotel on a daily basis. Waiters at the hotel were required to give 12 percent of their tips to the bus boys. Dur to a diabetic condition, petitioner would sometimes leave the hotel after serving breakfast, with the result *283 that his wages were docked accordingly. On such days petitioner would report to his union hall to be assigned a job as a banquet waiter at one of New York's hotels the same evening. Petitioner did not keep any actual records of tip income for the year 1959 and 1960. For the taxable year 1959, petitioner reported wages of $1,777.67 from the hotel and $879 from his work as a banquet waiter. (His tips from banquets were included in the $879 figure, and that sum is not in issue.) Petitioner also reported tips from the hotel in the amount of $1,120. For the taxable year 1960, petitioner reported wages from the hotel in the amount of $1,709.85 and tip income in the amount of $980. The Commissioner, in determining the deficiencies, added additional tip income in the amounts of $1,368.74 for the taxable year 1959 and $1,413.79 for the taxable year 1960. Opinion It is well established that tips and gratuities constitute compensation for services and, as such, are includable in gross income under section 61(a) of the Internal Revenue Code of 1954. [1]Roberts v. Commissioner, 176 F. 2d 221 (C.A. 9, 1949), affirming 10 T.C. 581 (1948). *284 The two questions for decision are: (1) what was petitioner's income from tips received as a waiter in the years 1959 and 1960; and (2) was petitioner negligent in failing to keep records of his tip income during those years? Respondent determined that petitioner understated income from tips received as a waiter at the hotel for each of the years 1959 and 1960. Pursuant to his statutory authority under section 446(b), [2] respondent formulated a method which he contends clearly reflects the correct amount of petitioner's tip income. Respondent multiplied the net sales, exclusive of net sales tax, by 15 percent (the percentage respondent determined to be the average tip at the hotel) to arrive at the total amount of tips received by the waiters. The resulting sum was then reduced *285 by the amount which the waiters were required to pay to the bus boys (12 percent of tips received). The resulting amount was approximately 13 percent of net sales. Petitioner's share of the total tips was determined to be that proportion which his wages bore to the total wages paid to all the waiters. Respondent's determination is entitled to a presumption of correctness, and the burden is on the petitioner to prove it erroneous. Dorothy L. Sutherland, 32 T.C. 862 (1959). Not only has petitioner failed to carry his burden of proof, but the testimony of petitioner clearly corroborates respondent's determination of 15 percent as the average tip at the hotel. Although petitioner was required by law to keep records of all income he earned as a waiter, he neglected to do so. [3] Furthermore, no evidence was introduced on behalf *286 of petitioner which would tend to establish the amount of tip income he reported. Petitioner claims that respondent's estimate of his tip income is excessive since the average tip was not as high as 15 percent. However, such self-serving statements were unsubstantiated. After a review of the evidence and taking into consideration the petitioner's lack of income records, we are persuaded that the respondent has been neither arbitrary nor unreasonable in making his determination of petitioner's *287 tip income for the years 1959 and 1960. We, therefore, sustain the respondent on this issue. The remaining issue is whether petitioner is liable for additions to tax under section 6653(a). [4] Taxpayers who receive tip income but do not keep written records of the tips are "extremely negligent" in failing to keep such records. Dorthy L. Sutherland, supra; Carroll F. Schroeder, 40 T.C. 30 (1963). Petitioner failed to keep any written records of the amount of tips actually received and, therefore, we sustain the respondent's determination of additions to tax. Decisions will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * *↩
2. SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING. (b) Exceptions. - If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.↩
3. SEC. 6001. NOTICE OF REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS. Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. Whenever in the judgment of the Secretary or his delegate it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary or his delegate deems sufficient to show whether or not such person is liable for tax under this title.↩
4. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the understatement.↩