GEORGE JOHN KILLORAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Killoran v. Commissioner
Docket No. 485-81
United States Tax Court
T.C. Memo 1981-659; 1981 Tax Ct. Memo LEXIS 79; 42 T.C.M. (CCH) 1662; T.C.M. (RIA) 81659; November 16, 1981. George John Killoran, pro se A. Chris Zimmerman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure[2] . The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's *81 1979 Federal income tax in the amount of $ 306 and an addition to tax of $ 15.25 pursuant to section 6653(a). Due to respondent's concession that the notice of deficiency was in error in determining additional tip income of $ 1,706.80 since this amount included kickbacks petitioner had included in his taxable income, the primary issue for decision is whether the tips received by petitioner in connection with his services as a cab driver are includable in petitioner's gross income. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitoner was a resident of Reno, Nevada, at the time the petition was filed. During the tax year 1979, petitioner was employed as a cab driver in Reno. During the year he received tips totaling $ 1,608.70 from his passengers. In addition, petitioner received $ 100 representing kickback payments received from various businesses for delivering customers to them. Petitioner was paid a regular salary by his employers during the year. On his 1979 return, petitioner included in gross income his salary and the kickbacks received. However, he excluded the tips received from customers. Respondent determined *82 that the tips are includable in petitioner's gross income. OPINION Petitioner contends that tips received from customers of his cab contitute gifts, excludable from gross income under section 102. In essence, petitioner argues that the tips were given to him by patrons out of "detached and disinterested generosity" and not as consideration for petitioner performing services for the patron. This precise question was resolved by this Court and the Court of Appeals for the Ninth Circuit many years ago in Roberts v. Commissioner, 10 T.C. 581 (1948), affd. 176 F.2d 221, 226 (9th Cir. 1949). The Ninth Circuit in Roberts made an exhaustive analysis of the origin and nature of tipping, as well as the tests to be applied in determining whether payments are gifts for Federal tax purposes. The Court concluded that it was an: * * * unalterable fact that, so far as the recipient is concerned,-the petitioner here,-he received tips as an incident to he service which he rendered to his patrons. They were paid concurrently with the fare as a token of better service received. They are gain derived from his labor as a taxicab driver, i.e., income from the *83 practice of a calling. More recently, the Court of Appeals for the Ninth Circuit reaffirmed the general principles regarding the taxation of tips in Olk v. United States, 536 F.2d 876 (9th Cir. 1976). There, the Court pointed out that the more absence of a legal or moral obligation to make a payment does not establish that it is a gift and was given out of detached and disinterested generosity within the meaning of Commissioner v. Duberstein, 363 U.S. 278 (1960). The Court concluded that tips, or "tokes" as they are called in the industry, received by the casino dealers are includable in gross income because the tokes were received incident to the performance of a service. Applying these authorities, we conclude that petitioner's tips do not constitute excludable gifts under section 102. Petitioner also relies upon a Nevada statute, Nev. Rev. Stat. Sec. 706.8849 1.(c) which states that cab drivers shall not make any charge for transportation of a passenger other than the charge shown on the meter. Petitioner apparently argues that this statute precludes him from receiving any "income" from a passenger beyond the meter *84 charge, and that therefore any additional amount received from the passenger should be considered a gift. However, whether or not the tip is considered a "charge" under Nevada law, it is clearly within the broad reach of section 61 of the Internal Revenue Code which requires, in general, inclusion in gross income of income "from whatever source derived." Moreover, even if petitioner's receipt of tips were considered in violation of this statute, the illegality of the income does not preclude its being considered as gross income for Federal tax purposes. See James v. United States, 366 U.S. 213 (1961). Finally, petitioner relies on section 274(b) in support of the notion that his tips are excludable from gross income. Section 274(b) lends no support to petitioner's position. It merely provides that an item which is excludable from gross income under section 102 may not be deducted by the payor under section 162 or 212 beyond certain limitations. This section does not in any way relate to the determination as to whether, to the payee, an item is excludable under section 102. Petitioner has presented no evidence to show that his omission of *85 tips from his 1979 return was not due to negligence or intentional disregard of the rules and regulations. Accordingly, we sustain respondent's determination regarding the addition to tax provided by section 6653(a). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.