DOUGLAS R. MALONE and LINDA L. MALONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Malone v. Commissioner
Docket No. 15588-79.
United States Tax Court
T.C. Memo 1982-325; 1982 Tax Ct. Memo LEXIS 425; 44 T.C.M. (CCH) 91; T.C.M. (RIA) 82325; June 9, 1982. *425 Douglas R. Malone and Linda L. Malone, pro se. Gail K. Gibson, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 1,359 and an addition to tax under section 6653(a) [1] of $ 68 in petitioners' Federal income tax for 1977. The issues are whether petitioner Linda L. Malone failed to report tip income as a dealer at a gambling casino and whether petitioners are liable for an addition to tax for negligence. FINDINGS OF FACT Petitioners, Douglas R. Malone and Linda L. Malone, resided in Dayton, Nev., when their petition was filed. During 1977, Linda L. Malone (petitioner) was employed at John Ascuaga's Nugget, a gambling casino in Sparks, Nev. At the beginning of the year petitioner was employed as a keno writer and later became a "21" dealer. On their 1977 Federal income tax return, petitioners reported $ 25,343 in "wages, tips, and other compensation." [2] In his notice of deficiency, respondent determined petitioner Linda L. Malone had unreported tip income of $ 4,131 in 1977. Respondent also asserted *426 a section 6653(a) addition to tax. OPINION At issue is whether petitioner has unreported income from tips. Tips and other gratuities are includible in gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976); Roberts v. Commissioner,176 F.2d 221 (9th Cir. 1949), affg. 10 T.C. 581 (1948). When a taxpayer fails to keep records, respondent is entitled to reconstruct his income from tips. Meneguzzo v. Commissioner,43 T.C. 824 (1965). Petitioners produced no records of their tip income. At trial, petitioner Linda L. Malone took the witness stand but refused to answer whether or not she received tips in 1977. We have no choice but to hold for respondent. Petitioners bear the burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and have simply failed to meet that burden. [3]
*427 We also find petitioners are liable for the addition to tax under section 6653(a). Petitioners produced no records and presented no evidence to justify not reporting the tip income. See Enoch v. Commissioner,57 T.C. 781 (1972). To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. That figure coincides with the combined amounts of wages, tips, and other compensation reported on petitioners' W-2 Forms for 1977 ($ 6,421.88 and $ 18,920.96 for Linda L. Malone and Douglas R. Malone, respectively).↩
3. Petitioners do not challenge respondent's formula for reconstructing the tip income. Petitioners also make constitutional claims which are totally without merit. See Wilkinson v. Commissioner,71 T.C. 633↩ (1979).