WILLIARD I. & AGNES B. THOMPSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24735. Promulgated November 10, 1950.

*Willard I. Thompson, pro se.*
*John P. Higgins, Esq.,* for the respondent.

#### OPINION.

DISNEY, *Judge:* This case involves a deficiency of $218.26 determined against the petitioners jointly for income taxes for the calendar year 1947. The petitioners' return was filed with the collector for the Oklahoma City district of Oklahoma. After waiver of certain matters raised in the petition, the only questions remaining for consideration are whether the Commissioner erred in disallowing deduction for cigarette taxes, breakage of a watch, special work clothes and laundry thereof, and automobile expense. We find the facts to be as follows:

The petitioners were during the taxable year husband and wife residing in Oklahoma City, Oklahoma. They filed a joint return claiming (in addition to certain matters which have been waived) the following deductions, which were by the Commissioner disallowed: Cigarette taxes $39, breakage of watch $12.50, cost of work clothes and laundry thereof $279.66, and automobile depreciation and expense $694.20. The petitioner, Willard I. Thompson, smoked 1½ cartons of cigarettes a week during the taxable year. He ordinarily paid $1.20 a carton. He never bought cigarette tax stamps from the State Tax Commission and the tax stamps showing amount of tax[1] were affixed when he purchased the cigarettes. He broke his watch twice while working at his job. It was repaired at the expense of $12.50. He had no insurance against such damage.

The petitioner, Willard I. Thompson, was during the taxable year employed in the occupation of cement finishing. The income tax return claimed deduction of work clothes, laundry thereof and expenses in connection with work in the total amount of $279.66, as follows:

| | |
|---|---:|
| 8 Suits Overalls at $5.00 | $40. 00 |
| 2 prs. Rubber overshoes at $4.25 | 8. 50 |
| 1 pr. Rubber Boots | 3. 00 |
| 7 pr. Wool Socks at $.60 | 4. 20 |
| 2 pr. Carpenter overalls at $4.25 | 8. 50 |
| 2 pr. work shoes 8" Hi Top at $9.00 | 18. 00 |
| 5 caps (cotton) at $.60 | 3. 00 |
| 2 Corduroy caps at $.98 | 1. 96 |
| 1 rubber rain coat | 6. 00 |
| 3 suits khaki trousers & shirts at $8.00 suit | 24. 00 |
| 250 pr. cotton gloves at $.35 | 87. 50 |
| Laundry Work clothes, 52 wk. at $1.25 | 75. 00 |
| Union over 12 mo. at $6.00 mo | 72. 00 |
| Building Assessments | 30. 40 |
| Assessment (International) | 1. 00 |

Two pairs of rubber boots were required for wading in the mud. He needed eight suits of overalls, also seven pairs of wool socks and two pairs of carpenter overalls. These were for form setting. He did his own form setting in the concrete work. Work required one pair of cotton gloves daily, five days a week. He did not wear uniforms but wore regular work clothes. He was not required to wear any particular type of clothing and wore what was most comfortable. He was not required to wear clean clothing but was supposed to do so. He hunted and fished once in a while, at which time he wore old work clothes. A rubber rain coat would last him about a year. The clothes for which he is making claim could be worn away from the job, hunting, fishing or working in his yard. He had no bills supporting the items. Some of them were approximations.

---

[1] Title 68, Section 586 (a) of the Oklahoma Statutes 1941 requires the stamps to show the amount of tax.

In his return petitioner Willard I. Thompson claimed $694.20 automobile expense, itemized as follows:

| | |
|---|---:|
| Depreciation per schedule | $262.50 |
| Repairs | 210.00 |
| Gas | 195.00 |
| Oil | 29.75 |
| Wash & grease | 10.50 |
| Insurance | 48.00 |
| License tag | 13.00 |
| Operator's fee | 3.00 |
| Tires and tubes, 2 at $18.00 | 36.00 |
| Total | 867.75 |
| Less 20 per cent personal use | 173.55 |
| Balance 80 per cent business | 694.20 |

In connection with petitioner's work he goes from his home to the union hall and his claim is based upon the use of his car from the union hall to his job. He paid and produced a receipt for a bill of $318.88 (including $5.58 sales tax) dated June 30, 1947, covering a new 100 horsepower motor at $207.50 and installation in connection therewith. The bill shows on its face $50 paid by cash, leaving a balance of $268.88, and a notation "12 payments at $26.89 starting July 30th"; also a paid stamp, without date. The bill also refers to the car involved as a 1941 model Ford. His expense for gasoline was at the rate of 15 gallons a week, totaling $195, with expense for oil of $29.75; expense of wash and grease was $10.50. He paid car insurance of $48, license tag expense of $13, and operator's fee of $3; also for two tires at a cost of $36. During the taxable year he drove a 1941 model Ford car, purchased in 1946.

We will consider separately the various items involved in the above facts.

As to the breakage of watch: This was a personal expense and the breakage does not partake of the nature of fire, storm, or shipwreck within section 23 (e) (3) of the Internal Revenue Code. See *Shearer* v. *Anderson*, 16 Fed. (2d) 995; *Ray Durden*, 3 T. C. 1. No error is found in the disallowance by the Commissioner of this item.

With reference to the claim of $279.66 for work clothes, laundry thereof and expenses in connection therewith, no evidence whatever was offered as to the following items which were included in the $279.66: Laundry work $75; union at $6 a month, $72; building assessments $30.40, and International assessment $1, and they must, therefore, be disallowed. Under the evidence, the clothes appear in large part to be such as could be used and were used elsewhere than in petitioner's business. He was not required to wear uniforms and merely wore what was comfortable. We, therefore, sustain the disallowance of the following items: Overalls $40; wool socks $4.20; carpenters' overalls $8.50; caps $4.96; rain coat $6, and 3 suits, khaki trousers and

shirts, $24.00. *Harry A. Roberts*, 10 T. C. 581, affd., 176 Fed. (2d) 221. However, under the evidence, we consider certain items as so related to and necessary to the petitioner's work as to be deductible and therefore disapprove disallowance of the following items: Overshoes and rubber boots $11.50 and cotton gloves $87.50.

With reference to the claim for automobile expense: Petitioner itemized on his return $867.75 and subtracted 20 per cent because of personal use, leaving a balance of $694.20 claimed. We disapprove the disallowance of the two items of $13 for license tag and $3 for operator's fee, they being, in effect, taxes paid though not claimed under that heading. See *Borg & Beck Co.*, 24 B. T. A. 995. Petitioner's proof of a bill of $318.88 (including $5.58 sales tax which is allowed, though not claimed) because of the installation of a new motor, is apparently in connection with the claim in the return for "Repairs $210.00," since no other proof was adduced as to automobile repairs. The bill for $318.88, placed in evidence is dated June 30, 1947, and indicates payment of $50, the balance to be paid in 12 payments of $26.89 each, starting July 30. Obviously, therefore, only a portion of this bill was payable in 1947. Petitioner is not shown to be otherwise than on the cash basis, so that it is obvious that the claim for $210 refers to the $211.34 which would be the maximum paid or payable on the contract in 1947. However, there is no testimony or other evidence that the petitioner paid any of the amount in 1947 except the $50 indicated upon the bill as paid by cash. Any allowance of deduction, therefore, for automobile repair would have to be limited, under the evidence, to $50 for 1947. Depreciation was claimed in the amount of $262.50 but there is no proof whatever of depreciation. The only proof in that connection was the fact that he drove a 1941 model Ford car purchased in 1946, but the amount of the purchase price nowhere appears. The proof on this matter of automobile expense in general was scanty, consisting merely of the fact that he claimed expense for his automobile based on mileage from the union hall from which he went to work. The total amount of mileage involved, the comparative amount of personal use and use for business, and the reason for the business use are matters all wholly unproved, except that the petitioner said he used his car 20 per cent for personal use and 80 per cent for use on his job, without further explanation. Moreover, under the evidence, the automobile expense appears to be merely an expense of going to and from work. Petitioner's idea that business expense began when he left the union hall, from which he proceeded to work, is not well founded. Though he went from home to the union hall and then to work, the whole trip is in the nature of transportation to work, a personal expense. With the exception of the items totaling $21.58, which, as above suggested, appear to be in the nature of taxes, the respondent is affirmed in his disallowance of

the automobile expense. *Frank H. Sullivan*, 1 B. T. A. 93; *Charles H. Sachs*, 6 B. T. A. 68; *John C. Bruton*, 9 T. C. 882. Under the evidence, this is not a case of the use of automobile in business or to earn income, other than transportation to work.

We come now to the question of deductibility of cigarette tax. The petitioner purchased cigarettes, the tax on which is evidenced by the cigarette stamps required to be affixed to cigarettes in Oklahoma. The tax thereon amounted to $39. Since 1942, section 23 (c) (3) of the Internal Revenue Code has provided, in substance, that in case of a state tax upon persons engaged in selling tangible personal property at retail, if the amount of such tax is separately stated, then to the extent that the amount so stated is paid by the purchaser (not in connection with his trade or business) to the seller, the amount of such separately stated tax shall be allowed as a deduction to such purchaser "as if such amount constituted a tax imposed upon and paid by such purchaser." Cigarettes are, of course, tangible personal property, sold at retail. The Oklahoma statute requires the stamps to indicate the amount of tax. The statute renders it immaterial whether the tax is levied upon the purchaser. This is recognized in the Regulations 111, section 29.23 (c)–1 (*b*), for it provides in part here pertinent, that "The fact that, under the law imposing it, the incidence of the sales tax does not fall on the purchaser is immaterial"; it also provides that "The requirement of section 23 (c) (3) that the amount of the tax must be separately stated will be deemed complied with where it clearly appears that the tax was added to the sales price and collected or charged as a separate item." Since the tax was evidenced by the cigarette stamps attached to the cigarette packages, it is clear that it was "separately stated" within the statute and the regulation, and it is equally clear, we think, that thereunder the petitioner is entitled to deduct the $39 in tax on cigarettes paid by him. We so conclude and hold.

There remains for attention the matter of medical expenses. Respondent announced at the trial that the individual items were not questioned but only the matter of computation. This matter will, therefore, be reflected in the decision which will be entered under Rule 50, if the amounts authorize the medical expenses.

*Decision will be entered under Rule 50.*

