C. W. and Susan Strickler v. Commissioner.
C. W. & Strickler v. Commissioner
Docket No. 30040.
United States Tax Court
1952 Tax Ct. Memo LEXIS 285; 11 T.C.M. (CCH) 252; T.C.M. (RIA) 52076; March 21, 1952
*285 The petitioners are held not entitled to the deduction of the cost of clothing worn by the petitioner C. W. Strickler at work or laundry thereof, where the clothing was not in the nature of a uniform or of a character required by his employer. Further held that petitioners are not entitled to deduct an item of $32 alleged to be the cost of nurse's shoes purchased by petitioner Susan Strickler, or $84 claimed as the cost of laundry of this petitioner's nurse's uniforms, there being no evidence of these expenditures. Deduction was taken by the petitioners of $5 paid by C. W. Strickler for membership in the Chamber of Commerce and $36.50 Oklahoma cigarette tax paid upon cigarettes purchased by them, such tax being evidenced by stamps purchased and affixed to the packages of cigarettes prior to their purchase by petitioners. Held, that the cost of membership was a personal expense and not required as an incident to employment, and that the Oklahoma cigarette tax did not represent a deduction to the petitioners under section 23 (c) (3), Internal Revenue Code. Malcom E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. *286 HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioners for the taxable year 1947 in the sum of $55.95. Errors are assigned upon respondent's action in disallowing amounts claimed as deductions by the petitioners for work clothing and laundry thereof, the cost of a telephone alleged to have been installed and used for business reasons, cost of a membership by the petitioner C. W. Strickler in the Chamber of Commerce, and Oklahoma cigarette taxes paid upon cigarettes purchased in the taxable year by the petitioners. The proceeding was heard at Muskogee, Oklahoma, on May 10, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114(b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, to which neither of the parties has filed exceptions. Upon examination, we hereby approve those findings and adopt and include them herein by reference as our findings of fact. The petitioners are husband and wife and during *287 the taxable year 1947 were residents of Muskogee, Oklahoma. The return in question was filed with the collector of internal revenue for the district of Oklahoma. The petitioners filed a joint return for the taxable year, on which they deducted, in arriving at net income, the sum of $717.52, this figure being the total of items listed on two schedules attached to and made a part of the return. In determining the deficiency the respondent has disallowed the sum of $224.86 as representing the cost of work clothes and laundry thereof, $28.08 representing the cost of telephone, $5 representing dues to the Chamber of Commerce, and Oklahoma cigarette tax in the sum of $36.50. During the taxable year the petitioner C. W. Strickler was employed as a sanitation inspector by the City of Muskogee and the petitioner Susan Strickler was employed as a trained nurse by the Oklahoma Baptist Hospital in that city. On the schedule attached to the petitioner's return, work clothing was listed, together with cost, as follows: Shoes 2 pr. at $8.00
$16.00
Overshoes 1 pr. at $3.50
3.50
Raincoat 1
10.00
Gloves 26 pr. at 36"
9.36
Trousers 4 pr. at $5.50
22.00
Shirts 4 at $3.00
12.00
Uniforms Nurse 6 at $7.00
42.00
Cap Nurse 6 at 60"
3.60
Shoes White 4 pr. at $8.00
32.00
White Hose 12 pr. at $1.98
23.76
*288 Of the above items the respondent, in determining the deficiency, allowed the amounts claimed for nurse's uniforms, caps and white hose and disallowed the remaining items. He also disallowed a total of $120 listed as laundry at $2.10 per week on nurse's uniforms for 40 weeks in a total of $84 and laundry at $1.50 per week for 24 weeks in the sum of $36. The employment of the petitioner C. W. Strickler required him to inspect restaurants, cess pools, septic tanks, etc., together with other activities bearing upon the sanitary conditions in the community. In this work he normally wore his ordinary street clothes and shoes. At other times his work required him to inspect installments and premises which were in unclean and filthy condition, and on such occasions he was accustomed to put on over his street shoes a pair of overshoes and wore some old clothing which he kept in the trunk of his car for such purpose. This clothing was in no sense a uniform required by the City of Muskogee, but was clothing worn to save damage to his ordinary street clothing. No evidence whatsoever was presented as to the purchase of nurse's white shoes by petitioner Susan Strickler or the cost thereof, or *289 as to the item of $84 representing cost of laundry of her nurse's uniforms. Under the facts established, the action of respondent in his disallowance of deductions taken for work clothing and laundry thereof by the petitioner C. W. Strickler must be sustained, as the work clothing was not of a character the cost of which is subject to deduction. Harry A. Roberts, 10 T.C. 581, affd. 176 Fed. (2d) 221; Williard I. Thompson, 15 T.C. 609; Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). The expenditures claimed by the petitioners representing nurse's uniforms, caps and white hose have been allowed by the respondent and are not here involved, but he has disallowed the claim made for the cost of four pairs of nurse's white shoes at $8 a pair, a total of $32, and the sum of $84 as representing laundry on nurse's uniforms for 40 weeks at $2.10 per week. As to these two items the record is wholly silent. It is not even a case in which the application of the rule in Cohan v. Commissioner, 39 Fed. (2d) 540, is justified. Although we can assume that petitioner Susan Strickler wore in her work nurse's white shoes as *290 required, we can not, in the absence of proof, conclude that four pairs, or even one pair, of shoes were purchased within the taxable year. In the case of a claim made for laundry on nurse's uniforms, although we assume that the uniforms, for which allowance was made by respondent, were laundered, we can not find, in the absence of evidence, either the cost of laundry or that any amount was expended for this purpose. For all we know, the facts, if developed, may have shown that the laundry of the uniforms in question was done by this petitioner herself. The petitioners were on notice, from the disallowance of these items by respondent in determining the deficiency, that they were expected and called upon to sustain the fact of the expenditures by proof. This they have failed to do, and respondent is affirmed in his disallowance. As to the item of $28.08 disallowed by respondent as the cost of a telephone installed by the petitioners, the respondent on brief concedes that this cost represents an allowable deduction under the facts found with respect to its use and necessity. Petitioner C. W. Strickler paid, during the taxable year, $5 in dues to the Chamber of Commerce. This expenditure *291 was claimed by him on the return filed as a reasonable and necessary expense in connection with his service as sanitation inspector. This deduction was disallowed by respondent. Memembership in the Chamber of Commerce was not required by this petitioner's employer but was purely voluntary on the part of this petitioner. We can not see any necessity of petitioner's employment requiring that he secure membership in the Chamber of Commerce. We conclude that this is a personal expense and sustain respondent upon his disallowance thereof. The petitioners purchased cigarettes in Oklahoma during the taxable year upon which the Oklahoma cigarette tax in the sum of $36.50 had been paid, as evidenced by stamps affixed to the packages of cigarettes prior to their purchase by the petitioners. The deduction on the return filed for the taxable year of the amount of this tax was disallowed by the respondent. The respondent is sustained on this disallowance, as such tax does not represent a legal deduction under section 23 (c) (3) of the Internal Revenue Code. Louis M. and Leora R. Roth, supra.
Decision will be entered under Rule 50.