Algie B. and Iva T. Gilliam v. Commissioner.
Gilliam v. Commissioner
Docket No. 27541.
United States Tax Court
1952 Tax Ct. Memo LEXIS 236; 11 T.C.M. (CCH) 433; T.C.M. (RIA) 52123; May 2, 1952
*236 Respondent is sustained upon his disallowance of deductions taken by the petitioner for state sales taxes, state cigarette taxes, city sewer tax, stolen tools, breakage of watch, and medical expenses. Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has, for the calendar year 1948, determined a deficiency in income tax against the petitioners in the sum of $44.62. Error is assigned upon respondent's action in determining the deficiency in his disallowance of deductions taken for state sales taxes, state cigarette taxes, city sewer tax, stolen tools, breakage of a watch, and medical expenses. The proceeding was heard at Muskogee, Oklahoma, on May 9, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court, and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report, setting forth his findings of fact with respect to the proceedings, and neither of the parties hereto has filed exceptions to such findings. Upon examination, we approve *237 the Commissioner's findings and hereby adopt and include them herein as our findings of fact. [The Facts] The petitioners are husband and wife and residents of Muskogee, Oklahoma, and the return in question was filed with the collector of internal revenue for the district of Oklahoma. On this return, gross income was reported of $4,442.20, consisting of salary received, $4,008.90, by petitioner Algie B. Gilliam, hereinafter referred to as petitioner, as an employee of the American Telephone & Telegraph Co., net income of $183.30 from personal services rendered outside of his aforementioned employment, and rental income of $250. Net income was arrived at by the deduction of itemized expenditures claimed in the sum of $841.28. Five exemptions were claimed, resulting in a net taxable income of $600.92, against which payment of tax by withholding from wages was reported as $135.40, resulting in a computed overpayment of $35.66, for which refund was asked. [Opinion] On the return filed, petitioner claimed a deduction of $70.57 as representing Oklahoma sales taxes paid. Of this amount, respondent disallowed $26.15, allowing the remainder which represents one per cent of petitioner's *238 net income. Petitioner kept no record of his expenditures for sales tax or the amount expended from income for things not requiring the payment of sales tax. The amount claimed by him was based upon an estimate that approximately three-fourths of his gross income was expended for purposes involving the payment of the state sales tax. In this connection the schedules of expenditures attached by petitioner to his return as the basis for certain deductions asked show substantial payments for purposes not involving sales tax, and petitioner upon cross-examination admitted various other expenditures, including rent and the cost of sending his son away to school, which demonstrates to our satisfaction that the estimate used by him in his computation of expenditures for sales tax is definitely in error. Such estimate having been shown to be in error and there being no evidence to indicate that the amount allowed by respondent in determining the deficiency is incorrect, such allowance is approved. During the taxable year, the petitioner purchased cigarettes in Oklahoma upon which Oklahoma cigarette tax in the sum of $18.25 had been paid prior to their purchase by the petitioner, as evidenced *239 by cigarette stamps attached to the packages at the time of their purchase. Under such circumstances, the deduction by petitioner of the amount of this tax is not allowable. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). Petitioner expended during the taxable year the amount of $6 in payment of a sewer service charge under Ordinance No. 1633 of the City of Muskogee, Oklahoma. This he deducted on the return as the payment of a tax. The charge in question is not one of a tax but a payment of a service charge for use of a municipal facility. Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972; Louis M. and Leora R. Roth, supra.The expenditure is personal in character and not subject to deduction. During the taxable year the petitioner had in the trunk of his car a kit of tools of a value of approximately $30. At some undisclosed time during the taxable year he discovered that these tools were missing. Petitioner's use of these tools was only occasional and they, together with the car, were used by his young son. Petitioner assumed that the tools had been stolen from the trunk of his car. No evidence was introduced showing the theft of these *240 tools or indicating that they might not have been lost from some other cause. This loss can not be allowed upon the presumption that the cause was by theft, as the loss may have been from some other cause. The disallowance of this item is sustained. During the taxable year petitioner paid $7 for repairs to a personal watch broken as the result of being knocked off his dresser onto the floor. There is no indication in the evidence that the maintenance of a personal watch was required of petitioner by his employer or by the necessities of his employment, and the circumstances of the loss do not constitute a casualty falling in the same category as fire, storm or shipwreck. Such loss does not constitute a deduction. Williard I. and Agnes B. Thompson, 15 T.C. 609, reversed on other grounds, 193 Fed. (2d) 586. The petitioner, on his return, listed the following expenditures as made for medical and dental purposes: Medicines
$120.00
Baptist Hospital
151.00
Dr. Oldham, Shade Neely, Rafter
115.00
Dental work
48.00
Transportation, medical treatments
$ 10.00
Lenses changed in glasses
8.00
Hygienic supplies
15.00
Dental supplies
10.00
Hospital insurance premium
22.40
Health & Accident premium
48.00
Total
$547.40
*241 From this total petitioner deducted insurance benefits of $144, and five per cent of gross income, $222.11, or a total of $366.11, thus computing a deduction as allowable of $181.29. We have adopted the findings of the Hearing Commissioner sustaining as proven the sum of $7.50, being that portion of the hospital bill not reimbursed through hospitalization insurance, and payments of $10, $8, and $15 to Dr. Shade Neely for medical services. The balance of the items of medical expense claimed were not sustained by competent proof. The amount of the items found by the Hearing Commissioner to be sustained by proof do not equal five per cent of gross income and consequently no deduction is allowable. The action of respondent is sustained. Decision will be entered for the respondent.