Richard R. Hollington and Annett K. Hollington v. Commissioner.
Hollington v. Commissioner
Docket No. 50696.
United States Tax Court
T.C. Memo 1956-132; 1956 Tax Ct. Memo LEXIS 160; 15 T.C.M. (CCH) 668; T.C.M. (RIA) 56132; May 31, 1956
*160 Net casualty losses deductible under section 23(e)(3), IRC of 1939, resulting from fire damage to petitioners' residence and its contents in the year 1949 determined. The amount of a casualty loss deductible under section 23(e)(3), IRC of 1939, resulting from storm damage to petitioners' residence and shrubbery in 1950 determined. Deductions in excess of the amount allowed by respondent for each of the years 1949 and 1950, claimed as depreciation on an automobile under section 23(a)(1)(A), IRC of 1939, denied for failure of proof. Richard R. Hollington, Esq., 2761 Sherbrooke Road, Shaker Heights, Ohio, pro se., and Edward C. Crouch, Esq., for the petitioners. Theodore E. Davis, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income taxes of the petitioners for the calendar years 1949 and 1950 in the respective amounts of $5,587.74 and $1,044.94. The major issue in this case arises out of the disallowance by respondent of any loss to petitioners on account of damage to their house and of a substantial amount of the damages claimed to have been suffered to its contents as *161 the result of a fire which occurred in the year 1949. The issues to be decided are: 1. Whether petitioners are entitled to a deduction in the amount of $18,704 for fire loss to their house in 1949. 2. Whether petitioners are entitled to a deduction in the amount of $12,054.23 in addition to the amount allowed by the respondent, for fire loss to the furnishings and contents of their house in 1949. 3. Whether petitioners are entitled to a deduction in the amount of $480.50 for casualty loss resulting from ice and snow damage to house and shrubbery in 1950. 4. Whether petitioners are entitled to a deduction in the amount of $189.62 in addition to the amount allowed by respondent for depreciation on an automobile as a business expense in each of the years 1949 and 1950. Two other issues were presented in the petition. Petitioners orally abandoned one at the hearing and respondent has conceded the other on brief. Findings of Fact Petitioners are husband and wife who filed joint Federal income tax returns for the calendar years 1949 and 1950 with the then collector of internal revenue for the eighteenth district of Ohio. In September 1947, Richard R. Hollington, who was, *162 and at all times pertinent hereto, has been engaged in the practice of law, and his wife, Annett K. Hollington, purchased a fourteen room house, located at 2761 Sherbrooke Road, Shaker Heights, Ohio, for $65,000, which they thereafter occupied with their five children. At the time they moved into the house it was in excellent condition. During the years 1947-1949, petitioners redecorated the house and refurnished many of the rooms. Both the house and its furnishings were at all times prior to October 16, 1949, maintained in excellent condition. On October 16, 1949, a fire from an undetermined origin broke out in the living room. While the fire was mainly confined to the living room and hall on the first floor, extensive damage from the intense heat, smoke and oily film was done to most of the other rooms and their contents. Window panes were broken and exterior woodwork and stone damaged by the heat and smoke. The living room was completely burned out and all its contents destroyed. The heat and smoke penetrated practically every room and hallway, including the bedrooms farthest removed from the main source of the fire. Plaster, including plaster cornices, woodwork and wall coverings *163 on many of the walls and ceilings were damaged. Tile work in the kitchen and five baths was streaked, stained, and cracked. In addition to the furnishings and contents of the living room, which were completely destroyed, practically all the furniture (some of it antique), hangings, rugs (including orientals) and carpeting, lamps, bric-a-brac and works of art, bedding, linens and personal belongings were damaged beyond repair or had to be refinished and reupholstered or recovered, cleaned or laundered. A valuable dog and two love birds were killed. After the fire petitioners and their children occupied a rented home for a period of approximately five months while their home was being repaired, for which they paid a rental of $300 per month plus the cost of utilities. At the time of the fire petitioners carried $30,000 fire insurance coverage on the house and $10,000 on the personal property therein. Immediately after the fire petitioners began negotiations with the insurance adjuster, looking toward settlement of their claims under the insurance policies. Differences arose with respect to the damage to the house. Two of the main items objected to by the adjuster related to the replastering *164 of several of the walls and the replacement of the tile work in the kitchen and baths. Finally, after about two months, during which work on repairing the damages was delayed, the Underwriters Adjusting Company requested an arbitration proceeding. Concerned over the expense and delay such a proceeding would involve, the fact that the home they were renting would only be available to them a few months, and desiring to get back into their own home as soon as possible, petitioners agreed to accept a settlement with the insurance company for damages to their house in the amount of $23,296, or $6,704 less than the full amount of the insurance coverage, which amount was received by them in December 1949. No controversy arose with respect to the insurance on the personal property and they received $10,000 representing the full amount of coverage under this policy. They were also paid a total of $1,250, or $250 per month, as provided by the insurance policy on the house, during the five months they were required to rent temporary quarters. In their return for the year 1949 petitioners included in the total amount claimed as a casualty loss on account of the fire the sum of $42,000 less $23,296, *165 the amount of insurance recovered, or a net loss of $18,704 as representing the loss on their house. Respondent disallowed any deduction for fire damage to the house. Petitioners suffered a loss on their house in the year 1949 in the total amount of $36,000, or $12,704 over and above the amount of insurance recovered thereon. The amount of loss claimed by petitioners in their 1949 return for personal property destroyed or damaged was $38,848.19, less $10,000, the amount of insurance recovered, or a net loss of $28,848.19. Respondent determined that an allowable loss in the amount of $16,793.96 was sustained as to the personal property in 1949 and disallowed the difference amounting to $12,054.23. Petitioners suffered a loss on personal property in the year 1949 in the total amount of $32,000, or $22,000 over and above the amount of insurance recovered thereon. During the winter of 1950, ice and snow accumulating on the roof of petitioners' house, as the result of a severe snowstorm, caused a portion of the eave to give way, and destroyed some shrubbery. Petitioners paid $80.50 to repair the eave. They claimed a casualty loss in the amount of $480.50. Respondent disallowed *166 the entire amount claimed. The total loss in the year 1950 on account of storm damage to eave and shrubbery is $180.50. For each of the years 1948 and 1949 petitioners deducted as a business expense one-half the depreciation on a 1948 Packard sedan, based on an estimated useful life of four years, in the amount of $289.62. Richard used this automobile to commute between his home and office, and to visit business clients. Respondent allowed a deduction of $100 for each of the years 1949 and 1950, and disallowed the remaining portion claimed. A reasonable apportionment of the depreciation on petitioners' automobile resulting from business use in each of the years 1949 and 1950 is not in excess of $100. Opinion The first three issues herein require determination as to the amount, if any, of deductions to which petitioners are entitled for casualty losses arising out of fire and storm under section 23(e)(3) of the Internal Revenue Code of 1939. [1]
*167 The general rule applicable in cases of this character is that the amount of deductible loss arising from "fires, storms, shipwreck, or other casualty," which damages non-business property is the difference between the fair market value immediately before the casualty and after the casualty, not in excess of the adjusted basis of the property and diminished by the amount of any insurance recovered. Helvering v. Owens, 305 U.S. 468. See also I.T. 4032, 1950-2, C.B. 21. Where testimony as to the value of property immediately after the casualty is not available or is impracticable, cost of repairs which are not excessive and do not increase the value of the property, has also been accepted as evidence of the loss of value of the damaged property as a result of a casualty. W. F. Harmon, 13 T.C. 373. On October 16, 1949, a fire occurred in the house which had been purchased by petitioners two years prior thereto for $65,000 and had since been occupied by them as their residence. Extensive damage was done to the house and most of its contents. In order to determine the actual loss in value to the house petitioners secured appraisals from two experienced real *168 estate men, both of whom had seen the house before and after the fire. One of them had advised petitioners at the time of their original purchase and had been a visitor in their home before the fire. They appraised the value of the house immediately before the fire at $66,100 and $66,380 respectively, and appraised the value of the house after the fire at $25,100, and $24,380 respectively, or an estimated loss on account of the fire of $41,000 and $42,000, respectively. In so doing, the appraisers estimated the cost of repairs and replacements at $31,000 and $32,000 respectively, to which each of the appraisers added the sum of $10,000, the only reason given therefor being that it represented damage because of sales resistance which a prospective buyer, knowing of the fire, would take into consideration because of possible latent defects in structure occasioned by the fire and not repaired. Petitioners also secured an estimate on the cost of the repair work from the contractor who had originally built the house and was most familiar with it, in the amount of $31,047, which was substantially the amount allowed for such work by the two appraisers. Petitioners themselves estimated the *169 difference between the fair market value of their house immediately before and after the fire in excess of $42,000. W. F. Harmon, supra; United States v. 3969.59 Acres of Land, 56 Fed. Supp. 831; Lovejoy v. Darien, 41 Atl. (2d) 98. Respondent offered no testimony whatever as to the fair market value of the house immediately before and after the fire, but argues that "the insurance settlement" for an amount less than the insurance coverage is "indicative of the actual loss." While such a settlement may be given consideration, it is not necessarily conclusive, and in view of the circumstance under which the settlement herein was made, it is not controlling here. Respondent has cited no authorities holding otherwise and we are not aware of any. Considering that to a certain extent the valuations placed on petitioners' house after the fire were conjectural, and exercising our best judgment thereon, we have found that petitioners suffered a loss on their house due to the fire in the total amount of $36,000, which is $12,704 over and above the amount of insurance recovered. We accordingly hold that petitioners are entitled to a deduction in the *170 year 1949 in the amount of $12,704, representing the loss on their house due to fire in excess of the amount of insurance recovered thereon. Petitioners claimed a total loss to their personal property in the amount of $38,848.19, reduced by $10,000, the amount of insurance recovered thereon, or a net deductible loss of $28,848.19. Respondent allowed a deduction in the amount of $16,793.96 and disallowed the balance claimed. In support of their claim, their records having been destroyed by the fire, petitioners submitted an itemized list, prepared from memory, of the articles destroyed or damaged, with a definite amount set opposite each item as representing the loss in value thereof, the entire list aggregating $38,848.19. The amounts ascribed to each individual item were for the most part determined by Annett from memory as to the date purchased and the amount paid therefor, assisted by calls to the stores from which purchased or handling such articles, and by the interior decorator who had assisted her in redecorating and refinishing the house in 1948 and 1949. As to those items totally destroyed which had been purchased from a few weeks to a year and a half before the fire, cost *171 was used as the amount representing the fair market value at the time of the fire, and for older items cost less the estimated depreciation thereon was used as the fair market value at the time of the fire. As to items not totally destroyed, the cost of repair, reupholstering or recovering, refinishing, cleaning or laundering, which in no case exceeded the value of the article prior to the fire, was used as the amount representing the loss thereon. We have found as a fact that petitioners suffered a loss on their personal property in the year 1949 in the total amount of $32,000, or $22,000 in excess of the amount of insurance recovered thereon. In so doing we have taken into consideration the fact that some of the articles were antiques or works of art which had not diminished in value, that some of the articles were purchased within a few weeks of the fire, and that most articles of furniture and personal belongings begin to depreciate in value almost from the date of purchase. Where articles were not totally destroyed but were refinished, repaired, cleaned or laundered, we have taken into consideration the cost of such refinishing, repair, cleaning and laundry not in excess of *172 the value of the property prior to the fire. W. F. Harmon, supra.We have also taken into consideration and applied where deemed appropriate the rule in Cohan v. Commissioner, 39 Fed. (2d) 540. We accordingly hold that petitioners are entitled to a deduction in the year 1949 in the net amount of $22,000 representing the loss on their personal property due to fire in excess of the amount of insurance recovered thereon. The third issue relates to petitioners' claim of a casualty loss in 1950 in the amount of $480.50 due to storm damage to the cave of their house and to shrubbery. Eighty dollars and fifty cents was paid by petitioners to repair the eave of the house. Shrubbery damage, however, was based upon a lump sum estimate given petitioners by their gardener. Also the evidence was not specific as to the character and amount of shrubbery damaged. Applying the rule in Cohan v. Commissioner, supra, we have found the total loss on account of storm damage to eave and shrubbery in the year 1950 to be $180.50, which amount petitioners are entitled to deduct from their gross income in that year. The final issue involves petitioners' right to deduct *173 as a business expense under section 23(a)(1)(A) of the Internal Revenue Code of 1939[2] for each of the years 1949 and 1950, the sum of $289.62 as representing one-half the depreciation on an automobile used by the petitioner Richard for both business and personal purposes. Respondent allowed a deduction in the amount of $100 for each of said years. The only evidence offered in support of this claim was the testimony of Richard that the car, a 1948 Packard sedan, was used by him to commute to and from his office in downtown Cleveland, and to call on clients in outlying districts of the city or who were outside the city, and his estimate that it was used for business purposes one-half of the time. Such evidence is not considered sufficient to overcome the presumptive correctness of respondent's determination. Cf. Williard I. Thompson, 15 T.C. 609; Albert Nelson, 6 T.C. 764; Coburn v. Commissioner, 138 Fed. (2d) 763, affirming a similar issue, reversing on another a Memorandum Opinion of the Board of Tax Appeals; E. C. O'Rear, 28 B.T.A. 698. *174 Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - * * *
(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * *↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In general. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩