IRVING HOFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoffman v. Commissioner
Docket No. 15672-79.
United States Tax Court
T.C. Memo 1982-380; 1982 Tax Ct. Memo LEXIS 365; 44 T.C.M. (CCH) 380; T.C.M. (RIA) 82380; July 7, 1982. Joseph W. Weigel, for the petitioner. Joseph R. Peters, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge:[1] Respondent determined the following deficiencies in petitioner's federal income taxes and additions to tax for the years 1974 *366 and 1975: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654 [2]
1974
$48,278.80
$11,569.70
$2,413.94
$1,514.93
1975
60,943.90
15,235.98
3,047.20
1,950.21
At trial, respondent conceded that petitioner was entitled to business expense deductions, in addition to those determined in the deficiency notice, in the amounts of $54,316.44 and $68,688.81 for 1974 and 1975, respectively. After trial, respondent conceded on brief that petitioner was entitled to additional business expense deductions of $723 [3] and $7,620 for 1974 and 1975, respectively. Respondent also conceded that petitioner is entitled to the standard deduction and three dependency exemptions for 1974 and 1975. *367 The issues remaining for our decision are: (1) whether respondent used an appropriate method to determine petitioner's taxable income for the years 1974 and 1975; (2) whether petitioner is entitled to additional business expense deductions; and (3) whether petitioner is liable for the additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits, including respondent's computation of petitioner's taxable income, are incorporated herein by this reference. Petitioner Irving Hoffman lived in Racine, Wisconsin, at the time he filed the petition in this case. He was the sole proprietor of Hoffman Furniture, an unincorporated retail furniture business located in Racine, during the years in issue. Five of his eight children also worked with the business from time to time. Hoffman Furniture owned two retail stores and one warehouse which also served as a store. The warehouse was purchased in 1974 for $45,000 and had an estimated useful life of 30 years. Hoffman Furniture also owned three trucks and two cars which were used for delivery and service work. One of the trucks was purchased *368 in 1973 for $4,500. It had an estimated useful life of five years. Another truck was purchased in 1974 for $5,000. It had an estimated useful life of eitht years. Hoffman Furniture maintained open accounts at three gasoline stations, a tire dealership and a Chevrolet dealership so that its employees could charge the vehicles' gas and repair costs. The company also supplied some of its employees with gasoline charge cards so that they could charge gas at other stations. The business was active in 1973, 1974 and 1975. Although the main store suffered a substantial fire early in 1973, petitioner reported gross receipts of approximately $458,000 and taxable income of $11,402.45 that year. For 1974 and 1975 petitioner failed to report gross receipts. By analyzing Hoffman Furniture's bank deposits and a city assessor's estimates of the company's year-end inventories the respondent determined that the company had gross sales of $609,299 in 1974 and $551, 375 in 1975. Prior to 1974 petitioner employed an accountant to handle Hoffman Furniture's books and records. By 1974 petitioner had been dissatisfied with the accountant's performance and had dismissed him. In 1975, petitioner *369 approached a group called the Little People's Tax Advisory Committee (the "Committee"), which represented itself as a group of tax consultants. But, to the best of petitioner's knowledge, the group contained no attorneys or accountants. Petitioner claims that he paid the Committee $2,000 in 1975 for "advice and education in business matters, taxation, * * * the Constitution * * * how you protect, defend yourself, how you run a business, and self-defense, and so forth." He also received from the Committee various printed materials, and suggestions on how to fill out a tax return. Following the Committee's advice, petitioner sent to respondent an unsigned Form 1040 which respondent received August 15, 1975. It was labeled "amended 1974 return." Many of the spaces on this form were left blank, contained the entry "none," or bore the stamped legend "OBJECT, 5TH AMEND. U.S.C." The only numbers on the form were petitioner's social security number and zip code. Attached to the return were 150 copied pages of documents such as the Constitution and the Magna Carta. In contrast, petitioner's 1973 return was filed, properly completed and reported $11,402.45 of taxable income. Petitioner *370 did not file a 1975 return. Respondent reconstructed Hoffman Furniture's gross sales, business expenses and cost of goods sold to determine petitioner's taxable income for 1974 and 1975 using the bank deposit method. From the bank records of Hoffman Furniture's three accounts and from valuation reports of a City of Racine field assessor respondent ascertained monthly deposits to and withdrawals from the accounts and changes in the company's inventory. In the deficiency determination respondent treated deposits as gross sales and withdrawals as cost of goods sold or business expenses unless they appeared to be personal expenses. Prior to trial, petitioner's son produced some checks as substantiation of additional business expenses. Respondent concedes that certain of the withdrawals he had previously disallowed as personal expenses are allowable as business expense deductions. Also, following trial, respondent conceded that additional amounts are allowable as business expense deductions. OPINION Respondent's Meghod of Determining Income
Petitioner asserts that respondent's method of determining petitioner's income was arbitrary and unreasonable, thus seeking to place *371 upon respondent the burden of proving that the determined deficiency was correct. See Helvering v. Taylor,293 U.S. 507 (1935). Petitioner does not claim that the bank deposits method used by respondent is inherently arbitrary and unreasonable. We note that this method has been approved many times by this Court. Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. by order 566 F.2d 2 (6th Cir. 1977), and the cases cited therein. Instead, petitioner argues that the way respondent applied the bank deposits method in this case is arbitrary and unreasonable. Petitioner asserts that respondent's substantial concessions immediately before trial demonstrate the arbitrary and unreasonable character of the initial deficiency determination. We disagree with petitioner's conclusions. Petitioner failed to report his income in 1974 and 1975 and did not help respondent determine petitioner's proper taxable income for those years. Consequently, respondent resorted to the bank deposits method to determine petitioner's tax liabilities. Respondent treated deposits as gross income and payments as business items except for payments *372 which, on their face, appeared to be personal expenses. Only a few days before trial petitioner's son first presented respondent with substantiation that some of the disallowed payments were in fact business expenses. After reviewing the substantiation respondent conceded that petitioner was entitled to business expense deductions in addition to those allowed in the deficiency determination. Under these circumstances we cannot find that the respondent acted arbitrarily or unreasonably in making the deficiency determination. We think that this case is very similar to Estate of Mason v. Commissioner,supra, in which we rejected a similar argument by the taxpayer. In Estate of Mason we said that "[a] petitioner cannot refuse to cooperate with the agent conducting a tax investigation and then claim that the resulting determination by the Commissioner was arbitrary when the agent acted reasonably, taking into consideration the information available to him." 64 T.C. at 658. On the facts of this case, respondent's concessions do not render the deficiency *373 determination arbitrary and unreasonable because he acted reasonably in the circumstances. Consequently, as we stated in Estate of Mason, respondent's "concession merely relieved the petitioner of a portion of his burden of proof; it did not affect the petitioner's burden as to those deposits not conceded." 64 T.C. at 659. Petitioner also contends that the respondent erroneously attributed to him Hoffman Furniture's income for 1974-1975. Petitioner claims that he wanted to retire after the 1973 fire, that the family collectively decided to continue the business and that he "only served [the company] as a consultant and sold for it." The evidence in this case is insufficient to convince us that petitioner was not the sole proprietor of the business in 1974-1975. Petitioner, of course, has the burden of proof on this issue. Rule 142(a). Although petitioner stated that the family ran the business in 1974-1975 and that he had papers to demonstrate the collective nature of operation during those years, he failed to introduce such substantiation. Petitioner also failed to describe how the business was restructured after the fire. No evidence was presented concerning *374 how decisions were made and how the risk and return were shared. In addition, no evidence was introduced that the company notified the public and and creditors that petitioner's role in the business had changed. Petitioner also testified that he received no income for his services. This fact is more consistent with the view that petitioner remained the sole proprietor in 1974-1975 than with petitioner's contention that he was merely an employee. Also we note that petitioner filed his 1973 tax return as the sole proprietor of the business. This return reflected the year of the fire and a significant period of business after the fire in which petitioner's status supposedly changed. On those facts we find that petitioner was the sole proprietor of the business in 1974-1975. We hold that respondent properly attributed Hoffman Furniture's income to petitioner for those years. Hoffman Furniture's Business Expenses
Petitioner contends that he is entitled to deduct from gross income as determined by respondent certain business expenses which respondent disallowed as personal expenses. Petitioner introduced as substantiation two lists with columns of numbers which purport *375 to represent amounts paid by Hoffman Furniture for its car and truck repairs, gasoline, employee wages, insurance and taxes during 1974-1975. However, these figures, for the most part, are not supported by checks or receipts, or a list of payees. These strings of numbers, unaccompanied by objective supporting evidence, are insufficient to substantiate the claimed business expense deductions. Petitioner introduced copies of some gasoline charge card slips and bills from the company's open accounts at two gas stations, a tire dealership and a Chevrolet dealership. These items do not relate to all the numbers contained in the lists submitted by petitioner. Instead, petitioner intended the charge slips and bills to be representative samples to support his claim that the numbers listed under the columns headed "repairs" and "gas" were business expenses. We find these documents insufficient to support business expense deductions in excess of the amounts allowed by respondent. After trial, and after examining the charge slips and bills, respondent conceded that certain additional amounts constituted business expense deductions. We find no reason to allow petitioner business expense *376 deductions in excess of the amounts conceded by respondent. The charge slips and bills submitted by petitioner at best are evidence of an obligation to pay, and thus their evidentiary value in determining amounts actually paid as business expenses during the taxable year is limited. Although some of the bills have the word "paid" handwritten across their face there is no evidence on who wrote that notation. Thus there is no evidence that these marked bills were receipts. Also, two of the bills, including one bill with the "paid" notation on it, have the legend "Past Due" stamped on them. Thus at least some of the bills provide evidence that the accounts may not have been paid. Also, two bills lacked a date indicating the year to which they referred. Petitioner did not explain the bills. He offered no direct evidence of payment or evidence that the bills with a payment legend constituted receipts. Under these circumstances we hold that petitioner's "representative sample" is insufficient to substantiate business expense deductions in excess of the amounts allowed by respondent. Petitioner also contends that he is entitled to a deduction for real estate taxes paid in 1975. *377 Petitioner introduced as evidence a statement of the Racine County Treasurer that $1,228.58 was received by the treasurer in full payment for taxes due on real property used by Hoffman Furniture. In the deficiency determination of taxable income respondent allowed a deduction for this payment. Consequently, petitioner may not take the same deduction a second time. Petitioner also asks for credit for a $2,000 estimated tax payment made in January, 1975. Respondent properly took account of this payment in the deficiency determination. Consequently, petitioner gets no additional credit for this payment. Petitioner also asserts that he is entitled to depreciation deductions relating to two trucks and a warehouse owned by Hoffman Furniture. Respondent contends that petitioner has not satisfied his burden of showing an entitlement to the depreciation deductions. However, we agree with petitioner on this issue. The property was used in the business. The costs and estimated useful lives of these properties, as set forth in our findings of fact, were established at trial. We therefore find that petitioner is entitled to an additional deduction for depreciation in the amount of *378 $3,025 for each of the years 1974 and 1975. Finally, petitioner seeks to deduct $2,000 under section 212(3) which he claims to have paid to the Little People's Tax Advisory Committee in 1975. Petitioner states that he paid the $2,000 in exchange for the Committee's tax advice in preparing his 1974 and 1975 tax returns. Petitioner offered no substantiation of the $2,000 payment. Consequently, he is not entitled to the deduction, regardless of the question of whether the amount is deductible under section 212(3), which we do not decide. Rule 142(a). Additions to Tax
1. Section 6651(a)(1).
Respondent determined additions to petitioner's tax under section 6651(a)(1) for 1974 and 1975. A taxpayer is not liable for the failure to file addition to tax if he can establish that his failure to file was due to reasonable cause and not due to willful neglect. Reasonable cause exists if a taxpayer reasonably relies on the advice of a competent tax expert. E.g., Coldwater Seafood Corp. v. Commissioner,69 T.C. 966 (1978); West Coast Ice Co. v. Commissioner,49 T.C. 345 (1968). *379 Petitioner claims to have relied on the Little People's Tax Advisory Committee (the "Committee") in late filing his purported 1974 return and in not filing a 1975 return. It is apparent that petitioner sought out the Committee because he agreed with its sentiments, not because he sought competent tax advice. There is no evidence that the Committee was in a position to give competent tax advice. Such reliance cannot insulate petitioner from the section 6651(a)(1) addition. See United States v. Farber,630 F.2d 569, 572 (8th Cir. 1980). The advice which petitioner claims to have followed is the type frequently described by this Court and other courts as frivolous and entirely without merit. [4] Here we are unable to conclude that petitioner attempted to obtain, or reasonably relied upon, competent tax advice. Accord, United States v. Farber,supra.Consequently, we find that petitioner did not have reasonable cause for his failure to file returns. He therefore is liable for the section 6651(a) additions to tax. *380 2. Section 6653(a).
Section 6653(a) provides that if any part of an underpayment of income taxes is due to negligence or intentional disregard of rules and regulations then respondent may add to the taxes owing an amount equal to five percent of the underpayment. Petitioner argues that respondent has the burden of proving that petitioner was negligent, claiming that respondent first asserted the addition in his answer to the petition. This claim is groundless since the deficiency notice contained respondent's determination of an addition for negligence. Petitioner has the burden of proving that he used due care. Capodanno v. Commissioner,69 T.C. 638, 650 (1978), affd. 602 F.2d 64 (3d Cir. 1979); Rule 142(a). A taxpayer may demonstrate a lack of negligence by showing that his reporting position derived from a reasonable reliance on competent tax experts. Perrett v. Commissioner,74 T.C. 111, 134-135 (1980), affd.     F.2d    *381 (9th Cir. May 21, 1982); Conlorez Corp. v. Commissioner,51 T.C. 467, 474-475 (1968). Petitioner asserts that he reported no income for 1974-1975 on the advice of the Little Peoples' Tax Advisory Committee. As discussed with reference to the failure to file addition to tax, such frivolous advice indicates that petitioner did not seek or rely on competent tax advice. Consequently, petitioner failed to establish that he was not negligent in failing to report income for 1974-1975. Therefore, we hold that petitioner is liable for the section 6653(a) additions to tax. 3. Section 6654.
Respondent determined additions to petitioner's tax under section 6654 for failure to pay the estimated tax due in 1974 and 1975. The addition to tax under section 6654 is a mandatory addition where, as here, there is an underpayment of estimated tax. We therefore sustain respondent's determination on this issue. Decision will be entered under Rule 155.
Footnotes
1. This case was tried before Judge Sheldon V. Ekman, who died January 18, 1982. By order of the Chief Judge, this case was reassigned to Judge Arthur L. Nims, III↩ for disposition.
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent stated that he allowed an additional $405 for gasoline expenses and $318 for wages paid. These amounts add to $723, not $703 as respondent calculated in his brief.↩
4. As Judge Drennen recently stated in Stonier v. Commissioner,T.C. Memo. 1981-662, [i]t is exasperating * * * that we must waste so much time listening to and reading these repetitive arguments from self-proclaimed constitutional lawyers who quote passages from the Constitution, the Declaration of Independence, court opinions, the Bible, etc., all out of context, that lead to nowhere * * *. See also United States v. Benson,592 F.2d 257 (5th Cir. 1979); Willis v. Alexander,575 F.2d 495 (5th Cir. 1978); Wharton v. Commissioner,T.C. Memo. 1980-253; Hershberger v. Commissioner,T.C. Memo. 1979-522↩.