PAUL RISICATO AND PRUDENCE RISICATO, DECEASED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Risicato v. Commissioner
Docket No. 23934-82.
United States Tax Court
T.C. Memo 1984-238; 1984 Tax Ct. Memo LEXIS 436; 48 T.C.M. (CCH) 10; T.C.M. (RIA) 84238; May 3, 1984. Paul Risicato, pro se and the deceased petitioner. Laurence Ziegler and Thaddeus Wozni, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Peter *437 J. Panuthos pursuant to the provisions of section 7456(c), [1] Internal Revenue Code of 1954, as amended, and General Order No. 8 of this Court, 81 T.C. XXIII (1983). After review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent determined a deficiency [2] in petitioner's [3] 1976 Federal income tax in the amount of $6,882 and imposed an addition to tax as provided by section 6653(a) in the amount of $344. The issues for decision are (1) Whether petitioner failed to report $21,112 in income *438 as determined by respondent by employing a bank deposit method; (2) whether petitioner is entitled to deductions for depreciation, insurance and repairs and maintenance incurred in connection with a delivery service; (3) whether petitioner is entitled to a deduction for a rental loss; (4) whether petitioner is entitled to a deduction for charitable contributions; (5) whether petitioner is entitled to a deduction for work shoes and uniform cleaning; (6) whether petitioner is entitled to a deduction for sales tax in excess of the amount allowed by respondent; and (7) whether petitioner is liable for an addition to tax under section 6653(a). The stipulation of facts and exhibits are incorporated herein by this reference. Petitioner resided in New York City at the time the petition in this case was filed. I. Bank Deposit Reconstruction of Income.
During early 1976 petitioner worked for the Manhattan News Company, Inc. as a truck driver delivering magazines to newstands. He was paid $3,509.84 by that company. Apparently Manhattan News went out of business during 1976 and petitioner thereafter worked for the Hudson County News Company. His responsibilities at Hudson News *439 were the same as they had been at Manhattan News, and he was paid $5,484.35 in 1976. Petitioner timely filed his Federal income tax return for the taxable year 1976. Respondent determined that petitioner had unreported income and employed a bank deposit method of computation to reconstruct petitioner's taxable income. Respondent determined that petitioner had additional taxable income in the amount of $21,112. This was calculated as follows: Total Deposits
$34,986
Less: Redeposits
1,640
Taxable Deposits
$33,346
Less: (1) Net wages
$6,479
(2) Sch.C Gross Receipts
1,365
(3) Sch.E Gross Rents
1,200
(4) 1975 Tax Refund
1,609
(5) Unemployment
1,900
(6) Daughter's Contributions
2,600
$15,153
Unaccounted for Deposits
$18,193
Add: Cash cost of living
2,919
Unaccounted for Funds
$21,112
Petitioner, while conceding that he made deposits to various banks in 1976 of almost $35,000, contends that some of this money represents the repayment of a loan. He asserts that he had approximately $24,000 in savings at home, $20,000 of which he had loaned. Upon repayment he decided to put the money in a bank rather than back into his freezer. *440 [4] In addition, petitioner claims that he had $2,000 in silver coins (all American currency) which he also deposited in his bank accounts. Thus, according to petitioner the loan repayment and "coin" deposit represent the "unaccounted for deposits." The law is settled that "* * * where the taxpayer either has inadequate records or does not make his books and records available for audit * * *" the respondent may use "* * * other reasonable methods of determining a taxpayer's income * * *." Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). The bank deposits method of determining a taxpayer's income is an "* * * other reasonable method * * *" and has been consistently approved by this and other courts. [5] The deposits may be considered as gross income and the burden of proving otherwise is on the petitioner. *441 Neither the petitioner nor the alleged borrower presented any credible testimony or documentation to substantiate the loans or repayments. The alleged borrower could not provide any specific testimony concerning the amounts and timing of loans which occurred over a period of 15 to 20 years. Accordingly, based on the record before us respondent's determination is sustained. II. Delivery Service.
Petitioner conducted a package delivery business in 1976. On his Schedule C and attached schedules he claimed the following: Gross Receipts
$1,365
Disallowed Expenses: Truck and auto repair maintenance
[6] $472
Depreciation
400
Insurance
425
Other expenses not in issue:
490
$1,787
Loss
$ 422
Section 162 provides for deduction of ordinary and necessary business expenses. However, it is the taxpayer's responsibility to maintain records sufficient to support the claimed deductions. Section 6001; Sec. 1.6001-1(a), Income Tax Regs., and the burden is on the petitioner to establish his right to the claimed deductions. Commissioner v. National Alfalfa Dehydrating and Milling Co.,417 U.S. 134 (1974). *442 Petitioner's testimony was vague with respect to the claimed expenditures. No documentation was presented. Having considered the entire record on this issue and using our best judgment to estimate the proper amount of the claimed expenditures we allow petitioner a deduction of $108 for insurance and $100 for depreciation. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). III. Rental Loss Deduction.
Petitioner reported a rental loss of $295 on his Schedule E form for 1976. Petitioner testified that he received $100 per month for rental of a four room apartment on the second floor of his two family house. He attributed one-half of the cost of maintaining the two family house, e.g., plumbing and electrical repairs, insurance, etc., to the rental unit. Respondent's disallowance is based on his determination that petitioner was not engaged in an activity with an objective to make a profit within the requirements of section 183. [7] The regulations under that section list nine factors which should normally be taken into account when determining whether an activity is engaged in for profit. Section 1.183-2(b), Income Tax Regs.
*443 To be allowed the deduction petitioner must prove that he had an actual and honest profit objective. Dreicer v. Commissioner,78 T.C. 642, 645 (1982), affd. without opinion, 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation of profit need not be a reasonable one, but there must be a good faith objective of making a profit. Dreicer,supra at 645. Prior to 1976 petitioner's mother lived in the upstairs apartment and intermittently paid money to the petitioner based on what she could afford. During the year 1976, petitioner rented the apartment to an unrelated party for $100 per month. Petitioner engaged a realtor and spoke with other property owners to ascertain what the fair market rental of the property would be. He has continued to rent the property and in 1983 was receiving $350 per month rental. [8]
Having reviewed the entire record in light of the aforementioned tests, we find that petitioner has not satisfied his burden of proof. Golanty v. Commissioner,72 T.C. 411, 426 (1979), affd. *444 without published opinion 647 F.2d 170 (9th Cir. 1981); Rule 142(a). Petitioner had no records with respect to this activity and he provided no information with respect to a a history of profit or losses. Accordingly, respondent is sustained on this issue.
IV. Charitable Contributions.
Petitioner claimed a charitable contribution deduction of $395, based on contributions of cash and clothing to various churches and parochial schools. Respondent allowed petitioner $117 of his claimed $395 charitable contribution deduction and disallowed the balance for lack of substantiation. Petitioner testified that his wife regularly made cash contributions of $5 or $10 to their church, that he had given cash to various churches and parochial schools, and that he had given some of his clothing, his daughter's clothing, and presumably after her death, his wife's clothing to the various churches and schools.
The value of a contribution in property is the fair market value of the property at the time of the contribution. Section 1.170A-1(c), Income Tax Regs. While the testimony was somewhat vague, we believe petitioner made contributions of cash and clothing to various organizations. *445 Utilizing petitioner's testimony and exercising our best judgment, it is determined that petitioner is entitled to deduct a total of $300 of his claimed deduction for charitable contributions. Cohan v. Commissioner,supra.
V. Work Shoes and Uniform Cleaning.
Petitioner claimed a $285 deduction for work shoes and uniform cleaning which was disallowed by respondent. Petitioner asserts that he needed steel toe shoes in his work, that he wore blue slacks to promote a uniform-look and that he had a jacket that had "Paul's Delivery" written on it. Respondent's disallowance was based on the "convertability" of such clothing for personal uses. We disagree in part with respondent's conclusion. Although there is no doubt that one could wear work clothes all the time, the mere possibility does not disqualify clothing that is in fact, and is used only as, work clothing. In Hynes v. Commissioner,74 T.C. 1266, 1290 (1980), this Court reiterated the basic requirements for deduction of such clothing "* * * (1) The clothing is required or essential in the taxpayer's employment, (2) the clothing is not suitable for general or personal wear, and *446 (3) the clothing is not so worn." Steel toe shoes and a jacket with a business identification on it constitute the sort of work clothing that is properly deductible. The shoes are clearly intended to protect one's feet. Petitioner testified that various things were dropped in the course of his delivery business. See Thompson v. Commissioner,15 T.C. 609 (1950); the purpose of the jacket was to advertise and identify petitioner's business. We believe the steel toe shoes, work jacket, and the cleaning costs attributable to the jacket are deductible. However, petitioner's slacks and cleaning costs attributable to the slacks are not deductible. The slacks were suitable for general purpose wear. As such, they are not deductible. Hynes v. Commissioner,supra.Since the amounts were not specifically identified, we use our best judgment and allow $170 for these items. Cohan v. Commissioner,supra.
VI. Sales Tax.
Petitioner also claimed a $715 deduction for sales tax of which respondent allowed $239. Section 164 provides for the deduction of sales tax. However, petitioner presented no evidence to support his claimed *447 deduction, and the burden is on him to do so. Thus, respondent's determination is sustained. Rule 142(a). See Russo v. Commissioner,T.C. Memo. 1982-248; Feistman v. Commissioner,T.C. Memo. 1982-306. VII. Addition to tax under Section 6653(a).
Respondent determined an addition to tax under section 6653(a) for underpayment of Federal income tax. Petitioner presented no evidence or testimony that would establish that the underpayment of tax was not due to negligence or intentional disregard of the rules and regulations. Accordingly, respondent's determination is sustained. See Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioners consented in writing to extend the 3-year statutory period for assessment to December 31, 1982. The notice of deficiency was mailed on July 30, 1982. ↩
3. Prudence Risicato died prior to trial. At trial respondent filed a motion to change the capition to read "Paul Risicato and Prudence Risicato, Deceased, Petitioners v. Commissioner of Internal Revenue, Respondent," which was granted. Paul Risicato will hereinafter be referred to as petitioner.↩
4. Petitioner testified at trial that he kept his money in his kitchen freezer.↩
5. See e.g., Hoffman v. Commissioner,T.C. Memo. 1982-380; Ballard v. Commissioner,T.C. Memo. 1982-466; Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Gilbert v. Commissioner,T.C. Memo. 1980-469, affd. 675 F.2d 1083↩ (9th Cir. 1982).
6. Respondent in his statutory notice disallowed only $372 of this amount.↩
7. SEC. 183. ACTIVITIES NOT ENGAGED IN FOR PROFIT.
(a) General Rule. In the case of an activity engaged in by an individual or an S corporation, if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section. (b) Deductions Allowable. - In the case of an activity not engaged in for profit to which subsection (a) applies, there shall be allowed- (1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1). * * *↩
8. The record does not reveal whether this activity was profitable in any years subsequent to 1976.↩