BRIAN KRUZIC, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kruzic v. Commissioner
Docket No. 3763-78.
United States Tax Court
T.C. Memo 1979-152; 1979 Tax Ct. Memo LEXIS 373; 38 T.C.M. (CCH) 668; T.C.M. (RIA) 79152; April 17, 1979, Filed Brian Kruzic, pro se. Karl D. Zufelt, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following deficiencies and additions for fraud against petitioner: Additions to Tax, Year
Deficiency
Sec. 6653(b), I.R.C. 1954
1973 $257 $129
1974
247
124
1975
289
145
There was no appearance by or on behalf of petitioner at the trial. However, there was filed a stipulation of facts which is incorporated herein by this reference. The basic deficiencies do not appear to be in controversy, and the only matter remaining for our decision is the propriety of the Commissioner's imposition of the so-called fraud penalties pursuant to section 6653(b), I.R.C. 1954. We make the following findings of fact, taken from the proposed findings *374 of fact submitted by the respondent, which we find to be fully supported by the record: 3. In the statutory notice the Commissioner determined that petitioner had received the following amounts of unreported tip income: Year
Amount
1973
$1,340
1974
1,288
1975
1,475
4. In his Petition, petitioner did not dispute the deficiencies or the underlying adjustments to income. Petitioner disputed only the additions to tax under I.R.C. § 6653(b). 5. Respondent filed an Answer asserting affirmative allegations of fraud in support of the additions to tax under I.R.C. § 6653(b). Petitioner filed no reply thereto. 6. During the years 1973 through 1975, petitioner worked as a bartender at the Randy Tar Restaurant in Marina Del Rey, California. 7. During such years petitioner also attended college on a part-time basis. 8. As a bartender at the Randy Tar, petitioner received the following amounts of tips from customers, waiters, waitresses: Year
Amount
1973
$1,340
1974
1,288
1975
1,475
9. Petitioner reported no tip income whatsoever to his employer during the years 1973 through *375 1975. 10. Petitioner's W-2 Forms from his employer for the years 1973 through 1975 included only petitioner's wages, and no amount for tips. 11. Petitioner prepared his own tax returns, Short Forms 1040A, for each of the years 1973 through 1975. 12. In each of his income tax returns, on line 9, which requires the reporting of all "wages, salaries, tips, and other employee compensation," petitioner reported his wages, but no tips. 13. Petitioner reported no tip income whatsoever in his returns for the years 1973 through 1975. 14. The following table summarizes petitioner's reported income and unreported income for the years in issue: 1973
1974
1975
Reported income
$4,331.86
$4,173.00
$5,030.00
Unreported income
1,340.00
1,288.00
1,475.00
Ratio of unreported
to reported income
30.9%
30.9%
29.3%
15. On May 19, 1976, petitioner was interviewed by Internal Revenue Agent Russell Balise. At that time petitioner was approximately 24 years old. 16. During the May 19 interview, petitioner admitted that he had not reported his tip income because he thought that no one was reporting tips. 17. In a subsequent interview with Agent *376 Balise in December 1976, petitioner claimed that he had been confused by block 2 of his W-2 Forms, and had thought that his W-2 Forms included his tips. During this same interview, however, petitioner admitted that his W-2 Forms could not have included tips because he had reported no tips to his employer. 18. At the conclusion of the December 1976 interview, petitioner again admitted that he did not report his tips because he thought that no one was reporting tips. Although the amounts involved are small, we are satisfied that petitioner's failure to report his tip income represented a continuing and intentional course of conduct in which his unreported income was approximately 30 percent of his reported income. We find unconvincing his explanation to the revenue agent that he thought his tip income was included in the W-2 Forms that he received from his employer. Petitioner never reported his tip income to his employer (as required by section 6053(a)), and therefore must have known that his tips were not reflected in the amounts shown on his W-2's which he reported. To be sure, fraud must be proved by clear and convincing evidence, but in the circumstances of this case we *377 think that respondent has carried his burden within the requirements of that standard, notwithstanding that the evidence against petitioner is not overwhelming. We find as a fact that part of the underpayment of tax required to be shown on each of petitioner's returns for 1973, 1974, and 1975 was due to fraud. Cf. Cesanelli v. Commissioner,8 T.C. 776 (1947). Decision will be entered for the respondent.