LAWRENCE E. BEVERS AND MADELINE V. BEVERS, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55695. Filed September 28, 1956.

*William G. Ruymann, Esq.,* for the petitioners.
*Mark Townsend, Esq.,* for the respondent.

**OPINION.**

Rice, *Judge:* Respondent contends that the proceeds of the wagers made in petitioner's behalf were tips given him by the patrons of the casinos, and therefore taxable income under the authority of *Harry A. Roberts,* 10 T. C. 581 (1948), affd. 176 F. 2d 221 (C. A. 9, 1949). In attacking this contention, petitioners argue that such amounts were gifts, and were therefore excludible from gross income. In the al-

ternative, they contend that the side money which was received represented gambling income against which their gambling losses may be offset.

Included within the sweeping definition of gross income contained in section 22 (a) of the Internal Revenue Code of 1939 is any sum which has been received as "compensation for personal service" regardless of its form of payment. In *Harry A. Roberts, supra,* we held that tips received by a taxicab driver represented compensation for personal services, rather than gifts, as argued by the taxpayer. Now we are asked to determine whether amounts received by a dealer in a gambling casino as the result of wagers made in his behalf by the patrons are gifts, or whether they constitute taxable income within the meaning of the *Roberts* decision. We believe they are taxable income.

In *Roberts* we were concerned with the then novel question as to whether tips constituted taxable income. In affirming our determination that they did, the Court of Appeals said, at pages 225 and 226:

The word "income" has a broad meaning in income tax legislation. Its classic definition is still the all-inclusive one of "gain derived from capital, from labor, or from both combined." * * * It is "income as the word is known in the common speech of men." * * * And in applying these criteria, "the revenue laws of the United States are not over-squeamish." * * *

\* \* \* \* \* \* \*

Any monies which come to the taxpayer as the fruits of his labor are "income." Even the lawbreaker cannot "escape liability for the profits of his illegal enterprise." * * *

\* \* \* \* \* \* \*

So it is quite plain that the contention here made that tips, in general, are merely the result of the donor's exhibitionism and are given merely to satisfy the egotistical instinct of the giver, cannot overcome the unalterable fact that, so far as the recipient is concerned,—the petitioner here—, he received tips as an incident to the service which he rendered to his patrons. They were paid concurrently with the fare as a token of better service received. They are gain derived from his labor as a taxicab driver, i. e., income from the practice of a calling.

As we see no distinction between the situation there and the one presently before us, we believe the above-enunciated principles are controlling. If the amounts received in *Roberts* constituted taxable income in the form of compensation for services, so do the amounts received by this petitioner.

In dealing the cards, spinning the roulette wheel, and paying the winning wagers, petitioner rendered services to the patrons of the casinos where he was employed. That such services were required of him by virtue of his employment is in no way material. What is material, however, is the fact that the sums in question were received

by him as an incident of the services which he performed. They were obtained as the direct result of his employment. Had he been merely an observer, taking no active part in these games of chance, he would not have received the side money. It came to him in his capacity of dealer, and therefore we can only conclude that it represented gains derived from his labor as a dealer.

Moreover, that the dealers pooled the sums received in a common fund wherein they shared equally indicates to us that they considered the side money to be an accepted portion of the consideration which they would receive for their services. The fact of the management's knowledge and acquiescence in the practice lends strength to such a conclusion.

The amounts petitioner received in the form of side money came to him as an incident of the services which he performed for the patrons and were the direct result of his employment as a dealer. We, therefore, conclude that they were income for the year 1953, taxable as compensation for personal services. *Harry A. Roberts, supra.* Such a conclusion precludes any consideration of petitioners' alternative argument that the amounts represented gambling income.

*Decision will be entered under Rule 50.*