MELVIN and MARGARET FOLTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foltz v. Commissioner
Docket No 3417-75
United States Tax Court
T.C. Memo 1982-719; 1982 Tax Ct. Memo LEXIS 25; 45 T.C.M. (CCH) 322; T.C.M. (RIA) 82719; December 14, 1982. Melvin and Margaret Foltz, pro se. Scott N. McCallum, for respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: This case was assigned to Special Trial Judge Fred R. Tansill for the purpose of conducting the hearing and ruling on respondent's motion for judgment on the pleadings. After a review of the record, we agree with and adopt the opinion of the Special Trial *26 Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case is brought before the Court on respondent's motion for judgment on the pleadings pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioners' 1972 Federal income tax in the amount of $1,364, and an addition to tax under section 6653(a), [2] of $68.20. The deficiency was primarily based upon the determination that petitioner Melvin Foltz (hereinafter "petitioner") was not entitled to exclude from gross income [3] the amount of tips received in his employment as a dealer in Las Vegas, Nevada. The petition filed in this case did not contest the amount of such tips determined to have been improperly excluded ($4,491). Rather, it stated as *27 petitioners' sole contention, that the receipt of such tips do not constitute taxable income, but gifts which are exempt from tax under section 102. On this record respondent filed a motion for judgment on the pleadings on March 9, 1982. A hearing date was set for April 12, 1982, then changed to July 19, 1982, then to October 18, 1982. On October 12, 1982 petitioners filed a motion for a jury trial which was denied on October 14, 1982. When petitioners' case was called for hearing on respondent's motion, petitioners filed a notice that they had appealed this Court's denial of their motion for a jury trial to the United States District Court for the District of Nevada. Nonetheless, we heard respondent's motion. On October 21, 1982 petitioners' appeal was dismissed by the district court for lack of jurisdiction. [4] Correspondence from petitioners indicates that they are appealing the district court's dismissal to the United States Court of Appeals for the Ninth Circuit. Initially, we note that trial by jury is not provided for in the statutes establishing this Court. *28 Section 7453. Denial of a jury trial in the Tax Court is not a violation of petitioners' rights to due process of law. Wickwire v. Reinecke,275 U.S. 101 (1927). Taxpayers are not entitled to jury trial when they invoke this Court's jurisdiction by filing a petition, empowering it to redetermine their tax prior to payment of any deficiency determined by the Commissioner. Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959); Browne v. Commissioner,73 T.C. 723 (1980). Therefore, petitioners' motion for a jury trial was properly denied. We note that they could have elected to pay the deficiency, file a refund claim, and bring a refund action in the Federal district court against the United States, where a jury trial would have been available upon request. 28 USC sec. 2402. A motion for judgment on the pleadings is appropriate where the petitioner fails to state a claim upon which relief can be granted. Rusell v. Commissioner,60 T.C. 942 (1973).Petitioner here has not claimed that respondent incorrectly calculated the amount of tips that he received. Rather, he argues that, as a matter *29 of law the tips were gifts and not taxable income. We find that there is no dispute regarding material facts in this case, and the legal characterization of the tips is the only question presented, since no other factual or legal questions were pleaded. [5]
It is well established that tips to casino dealers from patrons are, as a matter of law, taxable income. Olk v. United States,536 F.2d 876 (9th Cir. 1976), cert. denied 429 U.S. 920 (1976); [6]Bevers v. Commissioner,26 T.C. 1218 (1956); Salman v. Commissioner,T.C. Memo. 1982-592. See also, Cracchiola v. Commissioner,643 F.2d 1383 (9th Cir. 1981), affg. a Memorandum Opinion of this Court. Petitioners' contention to the contrary is not well founded, and the tips are to be included in taxable income.
The law regarding the question raised in this case was unsettled in 1971, which is the year at issue. Florence v. Commissioner,T.C. Memo. 1981-305. *30 Moreover, we note that even as late as the time petitioner filed his petition herein, the Federal district court decision in Olk v. United States,supra, upon which petitioner specifically relied, had not yet been reversed. Therefore, we find that the addition to tax for negligence under section 6653(a) is not appropriate, and respondent's motion is denied insofar as it relates to the addition to tax. See Florence v. Commissioner,supra;Todd v. Commissioner,T.C. Memo. 1981-307; Chappell v. Commissioner,T.C. Memo. 1981-308; Tapper v. Commissioner,T.C. Memo. 1981-309. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
3. There was also an adjustment in the medical deduction which was mechanically resultant from the increase in petitioners' adjusted gross income due to the previous adjustment.↩
4. Pursuant to section 7482, Tax Court matters are appealed to the United States Courts of Appeals.↩
5. Rule 24(b)(4), (5).↩
6. The Ninth Circuit herein reversed the district court as reported at 388 F.Supp. 1108↩ (D.Nevada 1975), upon which petitioner relied.